MARY E. CONLEY, Adm'x v. THE RICHMOND AND DANVILLE
RAILROAD COMPANY.

*Negligence—Pleading—Motion to make more definite—Demurrer—Aider by Pleading.*

1. A complaint in an action for wrongful death is fatally defective, which alleges that plaintiff "was, by the wrongful act, neglect and default of the defendant slain and killed," in that the facts constituting the alleged negligence are not set out.

2. A demurrer "that the negligence complained of is not sufficiently and legally set out," is sufficient.

3. The motion to make a complaint more definite is addressed to the discretion of the trial Judge.

4. *It seems* that a complaint against a common carrier for personal injuries should allege a contract of carriage upon a specific day.

5. Defective statements of causes of action and aider by pleading discussed by AVERY, J.

This was a CIVIL ACTION, heard upon complaint and demurrer, before *Merrimon, J.,* at Fall Term, 1891, of HAYWOOD Superior Court.

The plaintiff complained as follows:

1. That the plaintiff is the administratrix of the estate of Robert B. Conley, deceased.

2. That on the 24th day of August, 1890, and both before and since said time, the defendant the Richmond and Danville Railroad Company were and are operating and controlling a railroad leading from the city of Asheville, in Buncombe County, to Bryson City, in Swain County, and running locomotives and trains on said railroad, and doing a general business on said railroad as common carriers of both passengers and freight.

3. That on or about the 24th day of August, 1890, Robert B. Conley, the intestate of the plaintiff, being then rightfully on a train of cars of the defendant, on his way to Waynes-

ville, North Carolina, was, by the wrongful act, neglect and default of the defendant, slain and killed.

4. That on or about the 24th day of August, 1890, Robert B. Conley, the intestate of the plaintiff, being rightfully on a train of cars of the defendant, between Balsam Station and Waynesville, by the gross negligence of the defendant was slain and killed.

5. That by reason of the wrongful act, neglect and default of the defendant herein complained of, the plaintiff has been greatly damaged, to-wit, the sum of ten thousand dollars.

The defendant demurred to the complaint for—

"That the negligence complained of is not sufficiently and legally set out.

That it does not state facts sufficient to constitute a cause of action."

The Court overruled the demurrer, and the defendant excepted.

The defendant then moved the Court for an order requiring the plaintiff to set out in his complaint the facts constituting the negligence complained of, so as to enable it to intelligently make its defence. Motion overruled, and defendant excepted and appealed.

*Messrs. W. G. Ferguson* (by brief), and *G. S. Ferguson*, for plaintiff.

*Messrs. F. H. Busbee* and *J. M. Moody*, for defendant.

AVERY, J.: The necessity for drawing pleadings in civil actions according to a prescribed or established precedent, ceased when the form of suits was abolished by the Constitution, Art. 4, § 1. But one who is brought into Court to answer a demand for damages or for specific property, has the same fundamental right to know the nature of the demand sufficiently well to enable him, with the aid of competent counsel, to prepare his defence, that he has to be

informed of the accusation for which he is held to answer criminally. Otherwise, his property might be wrested from him under the form of law, not because of inability to overwhelm by the greater weight of evidence any *prima facie* proof offered by the plaintiff, but for the reason that the cause of action is so defectively stated in the complaint that the specific testimony necessary to meet it cannot be intelligently looked for and adduced. Suppose that, in fact, it were the purpose of the plaintiff administratrix to prove that intestate was thrown from the track by a passing engine "on or about the 24th of August, 1890," and subsequently died from injuries so received. It will be seen that the complaint leaves the day and the precise locality, as well as the circumstances alleged to have accompanied the act of inflicting the injury, indefinite. If such action were, in fact, groundless, as it might possibly be, how could the company know which of its servants to summon in order to meet the evidence to be offered? In ignorance as to the time or the precise place that would prove to be the scene of the alleged injury, it must summon all of its officers and servants, and suspend operations for a term of Court, or temporarily fill the places of all by employing substitutes. We think that the defendant had the right to a statement sufficiently specific to so far inform it as to the nature of the action that it would not, without default on its part, lose the benefit of a complete defence, which it might possibly be in its power to make good but for the want of more definite information in the complaint. In this case it is consistent with the statement of the case to conjecture that the death of the intestate may be shown by plaintiff's testimony, if believed, to be due to the acts of the conductor or other employee of the defendant in shooting him or pushing him violently off the train, running the train over him, or throwing the train off the track. Death may be shown in the same way to have followed the injury immediately or after the lapse of days or

months, and without notice of the claim for damages on the part of the plaintiff. It is just for the Courts to make such rules as will guard against possible infringement upon the rights of the citizen, and that can only be done by supposing that facts not inconsistent with the plaintiff's allegations do in reality exist. We consider this not a question involving a mere technicality, but a substantial right guaranteed to the defendant because the company is protected as a citizen by the spirit, if not the letter, of our organic law. It might be that the death of intestate occurred immediately after the alleged injury, or after the lapse of days or months, and without notice to the defendant of the claim growing out of it. The plaintiff avers that he was rightfully on the train run by the defendant, but it does not appear whether he had purchased a ticket and was there under a contract of carriage, or whether by a permit of some kind he was being transported without charge. As the names of the passengers are not recorded, the defendant would not be presumed to know what precise relation he sustained to the company as a carrier, yet it might be essential to have such information in order properly to defend the action.

It is contended for the plaintiff that if her complaint is not sufficient, this is at most a defective statement of a cause of action, not a case where the complaint does not state facts sufficient to constitute a cause of action ; that the demurrer is not sufficiently specific in pointing out the defects complained of, and that the motion for a more definite statement after the demurrer had been overruled was addressed to the discretion of the Judge, and his refusal to grant it is not reviewable here. If we should concede that the plaintiff had stated a cause of action, however informally or defectively, it seems that, under repeated adjudications of this Court, the refusal of the motion to make the complaint more specific would be addressed to the discretion of the Judge in

the Court below.   *Best* v. *Clyde*, 86 N. C., 4; *McGill* v. *Buie*, 106 N. C., 242; *Thames* v. *Jones*, 97 N. C., 121.

If we were to concede that the second ground of demurrer is not sufficient because the complaint states a good cause of action defectively, we would still be confronted by the first ground of demurrer that "the negligence complained of is not sufficiently and legally set out," and we see no reason why this objection should be made more specific.   The defendant is not required to state in terms what the complaint ought to have set out, because the trouble that it has encountered in preparing the defence grows out of the want of the information necessary to enable the company to do so.   If it cannot state in detail how the negligence might have been declared, it is sufficient for it to indicate that the defects consisted in the failure to allege what, in law, constituted negligence.   If it had simply demurred for that the statement of the cause of action was defective, without the more specific ground that the defect consisted in the failure to set out the negligence complained of, we concede that the demurrer would not have been sufficiently specific.   But this Court has repeatedly held that the allegations in a complaint do not constitute a statement of a cause of action for the want of some essential averment.

In *Tucker* v. *Baker*, 86 N. C., 1, the plaintiff alleged the execution of a note by one Murphy to one Harris, and that after allowing as a credit all payments that had been made, there was still due a sum sufficient to give the Court jurisdiction, and that the defendant was his personal representative, yet the action was dismissed in this Court, *ex mero motu*, for failure to state that the plaintiff was the owner of the note.   This ruling has been approved and followed in a number of cases since decided.   *Jones* v. *Commissioners*, 85 N. C., 278; *McDougald* v. *Graham* 75 N. C, 310; *Peacock* v. *Stott*, 101 N. C., 149; *Ibid.*, 104 N. C., 154; *Jackson* v. *Jackson*, 105 N. C., 433.

Without passing upon the second ground of demurrer, it is sufficient to say that, conceding that the complaint contains a defective statement of what appears to be a good cause of action, we think the first ground of demurrer ought to have been sustained for the reasons given.

Going behind all of these questions, the plaintiff insists that a complaint, similar to and almost identical in its terms with that filed in this case, was approved by this Court in *Hardy* v. *Railroad*, 74 N. C., 734. In that case, as in ours, the defendant after answering, instead of demurring, moved the Court to require the plaintiff to specify the acts of negligence upon which he relied, and excepted to the refusal to do so. But it seems that the defendant in his answer had so specifically set forth the acts of negligence complained of as to cure the defects in the complaint. *Garrett* v. *Trotter*, 65 N. C., 430; *Johnson* v. *Finch*, 93 N. C., 205; *Knowles* v. *Railroad*, 102 N. C., 67. The answer set forth " that on the day alleged in the complaint the said Arnold Hardee was on a train of cars of the defendant as a brakeman in the employment of the defendant. His duty required him to be on the platform to tend the brakes while the train was in motion. He was then, and had been for some time previous, in the employment of the defendant as brakeman receiving the rate of wages usually paid in that employment, and with a full knowledge of the risks incident to that service. The defendant denied that the intestate of the plaintiff was injured or killed by any wrongful act, neglect or default of the defendant, or of the section master, or of any one of the section masters of the defendant railroad or by any wrongful act or default of any of the servants, agents or employees of the defendant. It denied that the defendant committed any wrongful act, neglect or default in the selection or appointment of said section master, or that the negligent character of the section master was or ought to have been known to the defendant, or that he was a person of negligent charac-

ter, and avers that he was a competent and careful person, of suitable skill and experience for such an appointment. The defendant used due care, skill and diligence in the construction of its railroad, in keeping the same in repair, in ascertaining its condition, and in running its trains, and in the selection of its agents, servants and employees. It denied that the death of the intestate of the plaintiff was in anyway owing to or caused by the negligence or carelessness of the defendant, its agents or employees."

After examining the foregoing summary of the answer set forth in the statement of the case on appeal, we are not surprised that the defendant's counsel do not seem to have insisted, either on the first hearing of the cause or upon the rehearing (76 N. C., 5), upon the motion to require a more specific statement, even if we treat the decision of the Judge below not as an exercise of his discretion, but as based upon the doctrine of aider, then already laid down in *Garrett* v. *Trotter, supra.* It must have been a desperately defective complaint that could not have been cured by such a wholesale denial of every conceivable species of neglect.

The Court should have sustained the demurrer, and have given the plaintiff leave to amend upon such terms as were deemed just.

Error.