# Cobb, as Administratrix *v.* Owen.

## *Action for Damages for Killing Decedent.*

### (Decided April 4, 1907. 43 So. Rep. 826.)

1. *Appeal; Record; Bill of Exceptions; Time of Signing.*—Under Acts 1896-7, page 332, where a bill of exceptions is not signed until after 30 days from the date of the trial and no extension of time is made within the 30 days by the court the bill of exceptions cannot be considered to review the rulings of the court on the trial; but where a motion for new trial was made within 30 days after the trial and the court overruled the motion and entered an order granting the plaintiff 30 days for a bill of exceptions and within the 30 days made another order extending the time 10 days, a bill signed within the extended time will be considered on appeal for the purpose of reviewing the action of the trial court in overruling motion for new trial.

2. *Death; Damages; Instruction.*—In an action for killing by cutting intestate a charge asserting that it was a presumption of law that defendant did not kill plaintiff's intestate unlawfully, is error where the evidence shows that the cutting was intentional and the only theory upon which the act would not be unlawful would be that of self defense; the charge asserts more than the presumption of innocence.

3. *Witnessses; Transaction with Deceased Person; Parties Interested.*—In a suit for damages for causing the death of intestate by cutting, intestate's son has such an interest in the result of the suit as disqualifies him, under section 1794, Code 1896, from testifying as to any transaction with or statement by interstate.

4. *Same; Defendant.*—Under the same rule defendant should not be permitted to testify to facts tending to show that he was not the aggressor in the difficulty resulting in the death of intestate, as that would be permitting by indirection what could not be directly done.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

[Cobb, as Administratrix v. Owen.]

Action by Amazonia Cobb, administratrix, against W. T. Owens. Judgment for defendant, and plaintiff appeals. Reversed, rendered and remanded.

This was an action by Mrs. Amazonia Cobb, administratrix of the estate of Thomas Cobb, deceased, against W. T. Owens, for unlawfully and with force of arms cutting and mortally wounding plaintiff's intestate. The facts on which the original bill of exceptions was stricken, and the bill of exceptions on motion for new trial was considered, sufficiently appear in the opinion. The charge on which the cause is reversed is set out in the opinion. Various other charges were requested and given for the defendant, not necessary to be here set out. Exception was reserved to the admission of certain testimony given by the defendant, which is set out in the opinion. The plaintiff also attempted to introduce certain statements made by decedent and certain directions given by him to his son, Raymond Cobb. There was verdict for defendant, and plaintiff appeals.

KNOX, ACKER & BLACKMAN, and JAMES T. GREENE, for appellant.—Under the evidence the natural inference is that had defendant chosen to retreat all reasonable means of escape were open to him.—*Thompson v. Gray*, 82 Ala. 291. Self defense is never presumed. It must be proven by competent testimony.—*Cleveland v. The State*, 86 Ala. 1; *Lewis v. The State*, 88 Ala. 11; *Gibson v. The State*, 89 Ala. 121. Whenever it is proven that one person has taken the life of another with a deadly weapon the presumption is that it was done with malice and the burden is upon the slayer to rebut this presumption unless the presumption is rebutted by the evidence which proves the killing.—*Murphy v. The State*, 37 Ala. 142; *Roberts v. The State*, 68 Ala. 156; *Hornsby v. The State*, 94 Ala. 55; *Stillwell v. The State*, 107 Ala. 16; *Miller v. The State*, Ib. 40. The court erred in sustaining defendant's objection to plaintiff's questions to the witness Rhodes.—*Jackson v. The State*, 78 Ala. 471; *Jones v. The State*, 76 Ala. 8; *DeArmand v. The State*, 71 Ala. 352; *Steele v. The State*, 82 Ala. 20; *Moulton v. The State*, 88 Ala. 116; *Evans v. The*

[Cobb, as Administratrix v. Owen.]

*State,* 109 Ala. 11. Counsel discuss their assignments of error but cite no authority.

MATTHEWS & MATTHEWS, J. T. MARTIN, and BLACKWELL & AGEE, for appellee.—On motion to strike the bill of exceptions counsel cite, Acts 1896-7, p. 332; *Randolph v. Worthington,* 141 Ala. 498; *McLendon v. Bush,* 127 Ala. 470; *Western Ry. of Ala. v. Russell,* 39 South. 315; *Scott v. The State,* 37 South. 363; *Wright v. The State,* 136 Ala. 50; *Heal v. The State,* 40 South. 571; *Richardson v. The State,* 39 South. 12; *Dorsey v. The State,* Ib. 584. The court below might have correctly given the affirmative charge for defendant and so the errors, if any, were without injury.—*Hames v. Brown,* 71 Ala. 132. The court below committed no error in charging that it was a presumption of law that Owens did not kill Cobb unlawfully.—16 Cyc. 1081 and note; 57 Ala. 179; *Childs v. Merrill,* 29 Ala. 532; *James River Co. v. Littlejohn,* 18 Gratt. 53. Raymond Cobb was not a competent witness because interested in the result of the verdict as a son of decedent.—*McGuire v. Shelby,* 20 Ala. 456; 37 Ala. 662; 131 Ala. 359; Id. 180; 94 Ill. 378.

DOWDELL, J.—The bill of exceptions in this case was not signed until after the expiration of 30 days from the date of the trial. No order for extension of time for the signing of the bill was made by the court within the 30 days of the day of the trial. The bill of exceptions cannot, therefore, be looked to or considered for the purpose of reviewing the rulings of the court on the admission and rejection of evidence and the giving and refusal of charges on the trial, here assigned as errors on the record.—Acts 1896-7, p. 332.

A motion was made in the court below for a new trial within 30 days of the date of the trial. This motion was heard and overruled by the court, and in entering up judgment overruling the motion the court made an order granting the plaintiff 30 days for a bill of exceptions. Within this time the court made an order extending the time for bill of exceptions 10 days from the

expiration of the first order. In computing the time of the second extension, the day of expiration of the first order of extension must be excluded, and in so doing the bill of exceptions in the present case was signed within the time of the second order of extension. It follows, therefore, that the bill of exceptions may be looked to and considered for the purpose of reviewing the action of the trial court in overruling the motion for a new trial, which is assigned as error.

The motion for a new trial was based on the alleged errors of the trial court in the admission and rejection of evidence on the trial, to which exceptions to the rulings of the court were at the time reserved, and to the giving of the several written charges requested by the defendant in writing. Among the written charges given by the court at the instance of the defendant was the following: "The court charges the jury that it is a presumption of law that Owens did not kill Cobb unlawfully." The presumption of innocence of a defendant obtains in a civil action, as well as in a criminal prosecution, where the cause is based upon an unlawful killing. It is, of course, a rebuttable presumption, and in either case may be overcome by evidence; the only difference being that in a criminal prosecution the evidence should be sufficiently strong to satisfy the mind of the court or jury trying the case beyond a reasonable doubt, while in a civil action the degree is to the reasonable satisfaction of the jury. Did the charge in the present case assert more than the mere presumption of innocence indulged by the law in favor of every defendant, when charged with the commission of an offense? We think so, when construed in connection with the evidence in the case, as all charges should be. The evidence without dispute showed that the defendant intentionally cut the deceased in four or five places, one of which cuts proved fatal. In the light of this evidence, without more, it could not be said as matter of law that the killing was not unlawful, and yet this is what the charge asserts, or at least undoubtedly, we think, was calculated to lead the minds of the jury to

such a conclusion. Its misleading tendency was unquestionably to the prejudice of the plaintiff.

The evidence without dispute showing that the killing was done in a personal encounter, the only theory upon which it could be said that it was not unlawful would be upon the theory of self-defense. The law is well settled in our state that, when self-defense is invoked, the burden of proof as to this plea is on the defendant. Our conclusion is that the trial court committed reversible error in the giving of this charge to the jury. We have considered the other charges, given at the instance of the defendant, and while some of them, it may be, were faulty, as being argumentative, and might, for that reason, have been properly refused, yet no reversible error was committed in their being given.

Under the statute (section 1794 of the Code of 1896) the witness Raymond Cobb, having a pecuniary interest in the result of the suit, was incompetent to testify as to any statement by or transaction with the deceased. The trial court, therefore, committed no error in its rulings as to the testimony of this witness to which exceptions were reserved. For the same reasons, under the rule that the testimony of this witness was excluded by the court, the testimony of the defendant. a party to the suit, which was objected to by the plaintiff, should have been excluded. The only purpose for which the testimony of the defendant, when testifying as a witness in his own behalf that he did not go south of the road, could have been offered, was to show that he was not the aggressor in the fight. This was permitting him to do indirectly what he could not do directly. if he was incompetent to testify as to the transaction (the difficulty) between him and the deceased. The court erred in its ruling in admitting this evidence. Exceptions were reserved to the other rulings on the evidence, but we fail to see any merit in those exceptions.

For the errors committed on the trial, and which were made grounds in the motion for a new trial, the court should have granted the motion, and for the refusal to do so the judgment will be reversed, and a judgment

will be here rendered granting the motion, and the cause remanded for another trial.

Reversed, rendered, and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.