# Lawrence, *et al. v.* Seay.

## *Death Action.*

(Decided December 21, 1912. 60 South. 937.)

1. *Death; Action for; Complaint.*—Counts in a complaint for wrongful death by shooting in an attempt to arrest another, which allege that in attempting to arrest H. plaintiff's intestate was unlawfully killed by the defendants that the proximate cause of his death was the unlawful act of defendants in attempting to arrest H; that defendants went to his house and unlawfully attempted to arrest H, in doing which they killed, or proximately contributed to the killing of, plaintiff's intestate; that he was killed by defendants, or one of them, an unlawful attempt to arrest H being the proximate cause of the killing, and that his death was caused by reason of and as the proximate consequence of the unlawful and wrongful attempt to arrest H, did not show with sufficient certainty the particular wrongful act, omission or negligence complained of, or whether the death of intestate was caused by the negligent, wanton or willful act which is necessary to enable the defendants to know what defenses are available, and were hence demurrable.

2. *Same.*—A count alleging that the defendants unlawfully conspired to arrest H., who at the time was at the home of plaintiff's intestate, and that in carrying out this conspiracy, and in attempting to arrest H., the defendants unlawfully attempted to arrest him, and by shooting at him, shot and killed plaintiff's intestate; and another count with the additional allegation that, regardless of the consequences, they willfully, wantonly and intentionally shot and killed plaintiff's intestate for H., were not demurrable, for while they did not sufficiently charge a conspiracy, they directly charged that defendants shot plaintiff's intestate.

3. *Same.*—A count alleging that without legal authority defendants went to the home of plaintiff's intestate to arrest one H., and in attempting to arrest him, defendants, or some of them, unlawfully shot and killed plaintiff's intestate, was not demurrable.

4. *Same.*—A count alleging that defendants unlawfully attempted to arrest H., and by unlawfully shooting at H., killed plaintiff's intestate, was not demurrable.

5. *Same.*—The count alleging that defendants, in unlawfully attempting to shoot H., shot and killed plaintiff's intestate, unlawfully and without cause, was sufficient.

6. *Same; Defenses.*—Under section 2486, Code of 1907, an administrator has no right of action unless the deceased would have had a right of action if death had not resulted and the same defenses are available as would be available in an action by the deceased for the injury.

7. *Pleading; Facts or Conclusions.*—While it is not required or permitted that pleadings state the evidence by which facts are to be

[Lawrence, et al. v. Seay.]

established, yet it is required that they state the facts and not the mere conclusions of the pleader.

8. *Same; Complaint.*—While under section 5321, Code of 1907, objections to pleadings will not be allowed for defect in form, yet, the complaint must inform the court and the defendant as to the nature and character of the action, whether in case, trespass, or assumpsit, etc., that the proper defenses may be understood and interposed.

APPEAL from Lamar Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Action by Maud Seay, as administratrix, against Eunice Lawrence and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Counts 1, 2, 3, 5, 8, 9, and A sufficiently appear in the opinion. The following are the other counts referred to:

"(4) The plaintiff, suing as administratrix of the estate of Tom Seay, deceased, claims of defendants, Mrs. Eunice Lawrence, Neal Lawrence, Willett Lawrence, J. S. Sisson, Will Jewell, Abe Loftis, and Will Kidd, the sum of $25,000 as damages for that on or about the 27th day of January, 1908, the defendants, without any legal authority, went to the home of plaintiff's intestate to arrest one Hackleman, and, in attempting to arrest said Hackleman, the defendants, or some of them unlawfully shot and killed plaintiff's intestate."

(6) Same as 4 down to and including January, 1908, where it occurs therein, and adds: "The defendants unlawfully attempted to arrest one Hackleman, who was at the home of plaintiff's intestate, and, by unlawfully shooting at said Hackleman, thereby killed plaintiff's intestate."

(7) Same as 4 down to and including January, 1908, and adds: "The defendants went to the house of plaintiff's intestate, and, in unlawfully attempting to shoot Hackleman, shot and killed plaintiff's intestate, unlawfully, and without any cause therefor."

(10) Same as 4 down to and including January, 1908, and adds: "The defendants unlawfully conspired to arrest or kill one Hackleman, who was at the time at the home of plaintiff's intestate, upon a warrant void in the state of Alabama, or for the unlawful purpose of removing Hackleman to the state of Mississippi. In carrying out this conspiracy, and in attempting to arrest said Hackleman at the home of plaintiff's intestate, the defendants unlawfully attempted to arrest said Hackleman, and, by shooting at Hackleman, shot and killed plaintiff's intestate."

(11) Same as 10, with the additional allegation that defendant, regardless of the consequences, willfully, wantonly, and intentionally shot and killed plaintiff's intestate for said Hackleman.

J. C. MILNER, JOHN V. SMITH and J. M. CHILTON, for appellant. The statement that the arrest was unlawful or without legal authority is a mere conclusion of the pleader and insufficient.—*T. C. I. & R. R. Co. v. Smith,* 55 South. 17. This same defect appears in the second and fourth counts, in the 5th, 6th 7th, 8th and 9th counts, and on the above authority these counts were insufficient. The third count was defective and stated alternatives that were bad.—*Bouldin's Case,* 110 Ala. 185; 4 Mayf. 304. Counsel discuss the other counts, but without further citation of authorities. Pleas 4 and 5 presented a good defense and the court was in error in sustaining demurrers thereto.—*Dusenberry's Case,* 94 Ala. 413; *Bouldin's Case supra.* Where one party draws out a part of a conversation, the other party becomes entitled to the whole conversation. —*Hudson v. The State,* 137 Ala. 54. Where malice is involved a defendant is entitled to prove any fact or circumstance which tends to overcome the inference of

malice.—*Ewing v. Sanford,* 21 Ala. 57; 8 Ency. of Ev. 402; 6th Thompson on Ev. 7165. Liability for punitive damages rests primarily upon wrong motives.—*C. & W. R. R. Co. v. Bridges,* 86 Ala. 448; *R. & D. R. R. Co. v. Banks,* 93 Ala. 115. The 8th charge was bad.—*K. C. M. & B. R. R. Co. v. Foster,* 134 Ala. 254.

WALTER NESMITH and JOHN S. STONE, for appellee. The counts were all for intentional or willful injury and it was not necessary to allege that the plaintiff had a right to be at the place where he was injured.—*L. & N. R. R. Co. v. Calvert,* 170 Ala. 565. The counts were good and the court properly overruled the demurrers thereto.—*Stowers Furn. Co. v. Brake,* 158 Ala. 643; *B. R., L. & P. Co. v. Yielding,* 155 Ala. 860; *Robertson v. L. & N. R. R. Co.,* 142 Ala. 226; *Montgomery v. Townsend,* 84 Ala. 478; *O'Neal v. McKinna,* 116 Ala. 606; *Buckalew v. T. C. I. & R. R. Co.,* 112 Ala. 146. Counsel discuss the pleadings further but without other citations of authority. Unless it clearly appears that the answer was admissible and relevant, the court will not be put in error for sustaining an objection to a question, unless counsel state the facts expected to be elicited.—*Pittman v. State,* 153 Ala. 1; *Brent v. Baldwin,* 160 Ala. 635. Under these authorities the court was authorized to sustain objections to the questions sought to be made the bases of assignments of error.

MAYFIELD, J.—This action rests solely upon the homicide statute, now section 2486 of the Code. The deceased in this case was shot to death in his own house, by one or more of the defendants, while attempting to arrest one Hackleman, or, as is claimed by some of the defendants, by said Hackleman while resisting arrest. The action is brought by the wife of the deceased, suing

as administratrix, and is against Mrs. Eunice Lawrence and six men who formed the posse comitatus to arrest the said Hackleman. Mrs. Lawrence preceded the other defendants, in her arrival at the house of the deceased, by several hours; and she is evidently sued on the theory of a conspiracy.

The complaint contained 12 counts. Omitting the formal parts, the only "wrongful acts, omissions, or negligences" alleged as giving the cause of action are stated as follows in some of the counts: "(1)  *  *  * The killing of plaintiff's intestate on or about the 27th day of January, 1908. (2)  *  *  * Plaintiff alleges that the proximate cause of the death of her intestate was the unlawful attempt on the part of the defendants to arrest said Claud F. Hackleman; and, in attempting to arrest said Hackleman, plaintiff's intestate was shot and killed. Hence this suit. (3)  *  *  * In attempting to arrest said Claud F. Hackleman, plaintiff's intestate was unlawfully killed by said defendants. (5)  *  *  * Plaintiff avers that the proximate cause of the death of her intestate was caused by the unlawful act of the defendants in attempting to arrest said Claud F. Hackleman. (8)  *  *  * The defendants went to the home of the plaintiff's intestate, and unlawfully attempted to arrest one Claud F. Hackleman; in doing so, the defendants killed, or proximately contributed to the killing of, plaintiff's intestate. (9)  *  *  * Plaintiff's intestate was killed by the defendants, or one of them; and the unlawful attempt to arrest said Claud F. Hackleman was the proximate cause of the killing of plaintiff's intestate." The tenth and eleventh counts attempt to charge a conspiracy, and will be treated separately. Count A was as follows: "(A)  *  *  * Plaintiff avers that the death of her said intestate was caused by reason, and

[Lawrence, et al. v. Seay.]

as a proximate consequence, of said unlawful and wrongful attempt to arrest said Hackleman as aforesaid."

The defendants demurred to each of these counts separately, and assigned many special grounds thereto, covering several pages of the transcript. The trial court sustained the demurrers to the first and second counts, but overruled them as to all the other counts; and these last rulings are severally assigned as error by the appellants. Many of these counts were subject to one or more grounds of the demurrer interposed thereto. They did not even allege that the defendants, or either of them, caused the wrongful death. Other counts were a little better than the first and second; but many of them were not sufficiently specific to inform the court of the nature or character of any particular "wrongful act, omission, or negligence" which resulted in the wrongful death. The allegations were entirely too general, uncertain, and equivocal to resist appropriate demurrer. We will not say that they did not state any cause of action, or that they would not support verdict and judgment, if not objected to; but the defendants are surely entitled to be informed with more certainty of the particular "wrongful act, omission, or negligence," for which alone the statute makes them liable, than they are informed in any of these counts. It is true that they are informed that they are charged with the wrongful death of plaintiff's intestate; but whether the wrongful death was the result of negligence merely, or of a wanton or willful act, is left wholly to conjecture. Such facts, as are alleged, leave it wholly open to inference that it was either the one or the other. This is not sufficient. Without this information, neither the court nor the defendants can know what pleas are available as a defense, further

than the general issue. If the act was the result of negligence merely, contributory negligence would be a defense; if of wanton negligence or willful injury, then contributory negligence would not be a defense, but one of justification under process, or of self-defense, would be availing.

It will be noticed that neither of the counts uses the words "wrongful act," "omission," or "negligence," which are used in the statute, but the word "unlawfully" is used in lieu thereof. We do not say that one or the other of these terms used in the statute is necessary; but the allegation that the act complained of was "unlawful" would be equally applicable, whether the act were negligent merely or were "wanton" or "willful." The record shows that neither the court nor the defendants could tell whether the plea of contributory negligence, that of justification, or that of self-defense would be availing as a defense, or, if this were clear, to which count or counts each would be so availing. Defendants have a constitutional right to be informed of the nature and character of the accusation against them.—*Conley's Case*, 109 N. C. 692, 14 S. E. 303.

The statutes of this state authorize all pleadings to be brief, but only so brief as is consistent with perspicuity, and with the intelligible presentation of the facts and matters to be put in issue. The pleadings are not required, nor even allowed, to state the evidence by which facts are to be established. They are required to state the facts themselves, and not the mere conclusions of the pleader, which are mixed questions of law and fact, and not mere legal inferences. See Code, § 5321, and citations thereto.

While no defect as to form merely is allowed, if the facts are so alleged that a material issue, in law or fact, can be taken by the adverse party thereon, yet

the pleadings, as counts in complaints or declarations, should inform the court and the defendant whether the action is in case, trespass, or assumpsit, etc. This is necessary, in order that the proper defenses may be interposed, because some defenses are available to one action but not to another.

To illustrate the uncertainty of the allegations of this complaint as charging any particular wrongful act, omission, or negligence, it should be remembered that the statute gives the right of action for a wrongful death in those cases only in which the deceased "could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death." The statute, therefore, clearly shows that it is like a continuation of the same action, if one had been brought by the deceased, because the statute further provides against abatement and for revival. It is true that the damages are different in the two cases, which has been explained in a number of cases; but in all the cases the cause of action—that is, the wrongful act, omission, or negligence—must be the same in both cases; but if the deceased would have had no cause of action, had death not resulted, then the administrator has none for the alleged wrongful death. If the defendant could have defended against the action of the deceased, if death had not resulted, then he can defend against the action brought by the personal representative for the alleged wrongful death. If he could have defended against the deceased's action by setting up self-defense, unavoidable accident, or the like, then he can defend the action by the personal representative on the same ground. If the deceased had survived, and should have informed the defendants here of the particular wrong, omission, or negligence which caused his injury, then upon the same principle his personal representative

. [Lawrence, et al. v. Seay.]

should have informed them of the same wrong, omission, or negligence which caused the death of his intestate.

Suppose death had not resulted in this case, and the injured person had sued these defendants, could any one contend that the defendants or the court was sufficiently apprised of any particular wrong, omission, or negligence, or, if so, was informed whether the plaintiff sued in case for negligence, or in trespass for an assault and battery, or whether the wrong was wanton or willful? We think not. The action being statutory purely, the pleadings and the evidence must of course meet the requirements of the statute. It would certainly not have been sufficient for the injured party to allege merely that the defendants, in attempting to arrest a third party, thereby injured him, or that all seven defendants, or one or the other of the seven, injured him, or that he was injured in an unlawful attempt to arrest a third party, without alleging who injured him, or how he was injured. Of course all of the counts are not subject to all of these defects, but many are subject to some of them.

In *Conley's Case,* 109 N. C. 692, 14 S. E. 303, which, like this, was an action under a homicide statute, the complaint contained two counts. The first charged the wrongful act causing the death, as follows: That plaintiff was, "by the wrongful act, neglect, and default of the defendant, slain and killed." The second count charged that plaintiff, "by the gross negligence of the defendant, was slain and killed." In this state. (North Carolina) all forms of actions were abolished by the Constitution of the state, yet the court held both of these counts bad, because they did not inform the defendant certainly of any particular wrong causing the death of the intestate.. The court there said: "The

[Lawrence, et al. v. Seay.]

necessity for drawing pleadings in civil actions, according to a prescribed or established precedent, ceased when the forms of suits were abolished by the Constitution, art. 4, § 1. But one who is brought into court to answer a demand for damages or for specific property has the same fundamental right to know the nature of the demand sufficiently well to enable him, with the aid of competent counsel, to prepare his defense that he has to be informed of the accusation for which he is held to answer criminally. Otherwise his property might be wrested from him under the form of law, not because of inability to overwhelm by the greater weight of evidence any prima facie proof offered by the plaintiff, but for the reason that the cause of action is so defectively stated in the complaint that the specific testimony necessary to meet it cannot be intelligently looked for and adduced."—*Conley v. R. & D. R. R. Co.,* 109 N. C. 692, 14 S. E. 303. "We consider this not a question involving a mere technicality, but a substantial right guaranteed to the defendant, because the company is protected as a citizen by the spirit, if not the letter, of our organic law."—*Conley v. R. & D. R. R. Co., supra.*

It may be true that the defendants would be liable even though the killing was accidental; but, if so, facts should be alleged going to show liability under such conditions. The gist of most of the allegations in the 12 counts, as to the specified "wrongful act, omission, or negligence," which is made the basis of liability, is "an unlawful act in attempting to arrest Hackleman." Some are a little more specific, but all rely on the quoted averment, or its equivalent in generality, indirectness, and uncertainty. Would a complaint be good, against appropriate demurrer, that merely alleged that plaintiff, A, was injured by B, C, D, E, F, G, or one of them in an attempt to arrest H? Some of the counts

are more indefinite than this. They do not even allege that the injury was inflicted by the defendants, or by either of them, or by their agents or servants. The only reference to the defendants in these counts is that they are defendants, and were engaged in the arrest of a third person, when the deceased was killed.

The trial court apparently declined to allow the plea of contributory negligence, acting probably on the theory that the counts charged a willful killing. If they so charged, this ruling was of course correct; but, if they charged a negligent killing only, then of course the plea would be availing, if proven. This conclusively shows that the counts of the complaint should be certain in this respect.

Counts 10 and 11 attempt to charge a conspiracy to make an unlawful arrest of Hackleman, and the killing of plaintiff's intestate in the execution of the conspiracy. Neither of the counts is sufficient, as counting on a conspiracy; but the demurrer did not, we think, sufficiently point out the defects. Neither of these counts is subject to the defects pointed out in the others, and which points were taken by the demurrer. These counts do allege that the defendants—that is, all of them—shot the deceased to death. This, of course, was sufficient, without any allegation of conspiracy. There was therefore no error in overruling the demurrer as to these counts. One of the counts shows that the shooting of the deceased was a negligent act, and the other that it was a willful act.

We are likewise of the opinion that there was no reversible error in overruling the demurrers to counts 4, 6, and 7.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.