(87 South. 882)

## KUYKENDALL v. EDMONDSON.
(8 Div. 235.)

(Supreme Court of Alabama. Jan. 27, 1921.)

1. **Pleading ⊂⊃20—Complaint subject to demurrer as alleging act causing death to have been done in alternative.**

A complaint, in an action for wrongful death under Code 1907, § 2486, alleging that the defendant wantonly, willfully, or intentionally killed the plaintiff's intestate by shooting him with a gun, was subject to demurrer as alleging the act to have been done in three alternatives.

2. **Death ⊂⊃47—Pleading wrongful death held demurrable.**

A complaint, in an action for wrongful death under Code 1907, § 2486, alleging that the defendant wantonly, willfully, or intentionally killed the plaintiff's intestate by shooting him with a gun, was subject to demurrer in that it did not show or infer the act was wrongful, since every averment as to the killing must state that it was done wrongfully or its equivalent, and every alternative averment must state a cause of action, and an intentional or willful killing by shooting with a gun may be wrongfully or rightfully done.

3. **Pleading ⊂⊃34(4)—Must be construed most strongly against the pleader.**

Pleadings must be construed most strongly against the pleader.

4. **Witnesses ⊂⊃129—Defendant in action for wrongful death may testify as to transactions with decedent.**

In an action by administratrix for wrongful death under Code 1907. court erred in not allowing defendant to testify as to the acts of himself and deceased at the time of the killing, since section 4007 disqualifies a defendant from testifying when the "deceased person's estate" is interested in the result of the suit, and section 2486 provides that the damages recovered are not subject to the payment of debts or liabilities of the testator or intestate, but must be distributed according to the statute of distribution.

5. **Executors and administrators ⊂⊃51—Suit for wrongful death brought for benefit of distributees and not estate.**

Suit for wrongful death under Code 1907, § 2486, must be brought by the administrator of the estate, not for the estate's benefit, but for the benefit of the distributees, and if any damages are recovered the distributees, and not the estate, receive it.

6. **Executors and administrators ⊂⊃456(3)—Not taxed against estate in action by administratrix for wrongful death.**

No costs can be taxed against the administratrix as such, in an unsuccessful action for damages for wrongful death under Code 1907, § 2486.

7. **Trial ⊂⊃260(1)—Charges covered by given charges properly refused.**

Court did not err in refusing requested charges where the same principles of law were

clearly included in the oral or written given charges.

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

Action by Mary M. Edmondson, as administratrix, against C. Kuykendall, for damages for the death of her intestate. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

John A. Lusk & Son and Street & Bradford, all of Guntersville, for appellant.

The demurrer should have been sustained to the complaint. Section 2486, Code 1907; 171 Ala. 609, 55 South. 104, Ann. Cas. 1913B, 225; 179 Ala. 386, 60 South. 937; 112 Ala. 146, 20 South. 606; 13 Cyc. 310. The court erred in declining to permit the defendant to state what passed between defendant and Edmonson at the time of the killing. 40 Ala. 291; 171 Ala. 609, 55 South. 104, Ann. Cas. 1913B, 225; 157 Ala. 345, 47 South. 166; 111 Ala. 572, 20 South. 437; 12 Enc. of Evid. 741–749. The court was in error in permitting Mayo's answer. 1 Greenleaf, § 149; Jones on Evidence, § 235. On the question of threat, see 71 Ala. 351; 68 Ala. 156; 129 Ala. 71, 30 South. 73. Counsel discuss other assignments of error, not necessary to be here set out.

A. E. Goodhue and E. O. McCord, both of Gadsden, for appellee.

If the complaint was defective, the charge of the court put the issues properly to the jury, thus avoiding a reversal. 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929; rule 45, Supreme Court. The defendant was not competent to testify as to what happened at the killing. Section 4007, Code 1907; 150 Ala. 410, 43 South. 826. Counsel discuss other assignments of error, not necessary to be here set out.

MILLER, J. This is the second appeal to this court of this case. It is reported in 200 Ala. 650, 77 South. 24.

David Edmondson was killed by C. Kuykendall. The suit is brought under section 2486 of the Code of 1907, by the administratrix of David Edmondson's estate. This section authorizes a personal representative to maintain an action and recover damages for a wrongful act of a person whereby death is caused.

[1] There is one count in the complaint. It alleges that the defendant wantonly, willfully, or intentionally killed the plaintiff's intestate by shooting him with a gun, and other matters, essential but not necessary to be mentioned here. There are two grounds of demurrer insisted on in argument to it, viz.: (1) The act is alleged to have been done in three alternatives; and (2) it does not show or aver the act was wrongful.

This complaint would have been good if the word "and" had been used, instead of the word "or" therein. If the word of the statute "wrongful" had been used, instead of the words "wanton, intentional, or willful," the complaint would be good.

[2] The statute declares the act causing death must be wrongful. The "wantonly killed," as charged in the complaint, includes wrongfully done, and would have stated a cause of action if it had not been coupled disjunctively with intentional or willful. A willful killing is not necessarily a wrongful killing. An intentional killing may not be a wrongful killing. One man can kill another willfully or intentionally, and yet do so in self-defense and not wrongfully. An intentional and willful killing may be justifiable and not wrongful.

[3] Every averment as to the killing must state it was wrongfully done, or its legal equivalent. Every alternative averment must state a cause of action. An intentional or willful killing by shooting with a gun may be wrongfully or rightfully done. Pleadings must be construed most strongly against the pleader; so these grounds of demurrer to the complaint should have been sustained. Section 2486 of the Code of 1907; Kennedy v. Davis, 171 Ala. 609, 55 South. 104, Ann. Cas. 1913B, 225; Lawrence v. Seay, 179 Ala. 386, 60 South. 937.

[4] The court did not allow the defendant, Kuykendall, to testify as to the acts of himself and deceased at the time of the killing. Was this error? Yes. The estate of David M. Edmondson was not interested in the result of this suit. The statute (section 2486) expressly says:

"The damages recovered are not subject to the payment of debts or liabilities of the testator or intestate, but must be distributed according to the statute of distribution."

Section 4007 disqualifies the defendant from testifying when the deceased person's estate is interested in the result of the suit.

[5] The suit must be brought by the administrator of the estate, not for the benefit of the estate, but for the distributees. If any damages are recovered the distributees, and not the estate, receive it. The widow and children, if any, or next of kin of deceased, and not his estate, receive the damages, if any are recovered. The cause of action arose after the death of Edmondson, and the damages belong to his distributees and not his estate. The administrator must hold the damages, if recovered, for distribution only. If the estate of deceased is interested in the result of the suit, then the damages would go to the exemptions of widow and minors, or either, cost of administration, payment of debts, and then to his distributees; but section 2486 expressly declares the contrary.

[6] David Edmondson's estate has no interest in the result of this suit, because if his administratrix lost it no cost could be taxed against her as administratrix. In Hicks v. Barrett, 40 Ala. 293, C. J. Walker said:

"Section 1938 of the Code does not, in our opinion, contemplate a suit by an administrator as the representative of an estate. It imposes upon the administrator a trust, separate and distinct from the administration. The trust is not for the benefit of the estate, but of the widow, children, or next of kin of the deceased. The administrator fills this trust, but he does not do it in the capacity of representative of the estate. It is altogether distinct from the administration, notwithstanding it is filled by the administrator. No judgment for costs, in a suit under that section, could properly be rendered, to be levied de bonis intestatis; and the court erred in rendering such a judgment against the administrator of Lankford's estate."

Justice Mayfield in Kennedy v. Davis, 171 Ala. 609, 55 South. 104, Ann. Cas. 1913B, 225, says:

"The damages under this statute are essentially punitive and not compensatory; the measure thereof being 'such as the jury may assess.' * * * The statute was not to compensate or recompense any one, but to mete civil punishment to the wrongdoer, and thereby prevent homicides."

This case holds that the sole beneficiary of the deceased can collect damages for the wrongful act, and if the administrator afterwards sues and gets judgment, a court of equity will enjoin the collection of it. "The personal representative is the naked agent to collect for the wrongful act, and pay it over to the distributees."

In L. & N. R. R. Co. v. Street, 164 Ala. 155, 51 South. 306, 20 Ann. Cas. 877, the court says:

"The sum recovered is not an asset of the decedent's estate."

In the case of Holt v. Stollenwerck, 174 Ala. 213, 216, 56 South. 912, it is said by the court:

"In prosecuting such action, the personal representative * * * is not proceeding to reduce to possession the estate of his decedent."

Sturges v. Sturges, 126 Ky. 80, 102 S. W. 884, 12 L. R. A. (N. S.) 1014, decides:

"The statutory right to dispose by will of what a person owns at the time of his death does not include damages which may be recovered for his wrongful killing."

Justice McClellan in Griswold v. Griswold, 111 Ala. 577, 20 South. 439, writes:

"These damages in the hands of the administrator were assets only for the purposes of distribution—they were not subject to the payment of debts or liabilities of the decedent—and were to be distributed according to the statute of distribution of force at the time the claim for damages accrued."

It is true that Judge Dowdell in Cobb, as Adm'x, v. Owen, 150 Ala. 410, 43 South. 826, decides that the defendant in a suit for the wrongful act of killing deceased cannot testify, as the decedent's estate is interested in the result of the suit; yet the law from the beginning of the statute prevents the damages for the wrong going into the estate for estate purposes. The law does not allow the administrator to permit the widow and minor children, or either, to have any of the damages as exemptions out of the estate. The law does not allow the damages to be paid by the administrator on last illness, or funeral expenses of the deceased. The law does not allow the administrator to erect a monument over the grave of the deceased out of the damages. The law does not allow the administrator, out of the damages, to pay any creditor of the deceased. The law authorizes the administrator to collect it, but he must not put it into the estate, but must pay it to the distributees. The law does not permit the administrator, if he fails in the suit, to pay any court cost out of the estate, and does not permit the courts to allow judgments against the estate for costs.

So, is the estate interested in the result of the suit, or only the distributees of the estate? We think the estate has no interest, and the distributees are the sole beneficiaries. It is a penal statute to punish a wrongdoer for wrongfully taking human life, and give the fruits, not to his estate, but to the distributees. The administrator can collect it; he cannot administer it: he must pay it to the distributees.

Is the estate of David Edmondson interested in the result of this suit? If it wins, it receives no damages; if it loses, it pays no cost. The assets of the estate are neither increased nor diminished thereby. It does not participate in the profits, and shares none of the losses, when the suit is ended and the result declared.

The wrongdoer, if indicted for murder or manslaughter, can testify on the trial as to the facts of the difficulty. When the law authorizes him to be punished—penalized for the wrongful act—by the administrator, in dollars, for the benefit of the distributees, should he not be allowed to testify as to the difficulty? We think so. Kennedy v. Davis, 171 Ala. 609, 55 South. 104, Ann. Cas. 1913B, 225; Hicks v. Barrett, 40 Ala. 291; Griswold v. Griswold, 111 Ala. 572, 20 South. 437; sections 4007, 2486, Code of 1907; 12 Encyc. of Ev. pp. 741, 749, and cases cited; Tiffany, Death by Wrongful Act (2d Ed.) §§ 188, 190, 191.

The case of Cobb, as Adm'x, v. Owen, 150 Ala. 410, 43 South. 826, in so far as it holds that the estate of the deceased is interested

in the result of the suit as to disqualify the defendant as a witness, is in conflict with many other decisions in this state, and is hereby expressly overruled to this extent.

This court, on the former appeal, stated the law as to the admission of evidence in this case. The court below followed the opinion in this trial, and committed no error prejudicial to the defendant in its rulings.

[7] The clear and comprehensive oral charge of the court and the many · written charges given at the request of the defendant fully covered all the law applicable to the testimony of this case. Some of the refused written charges are good, but the same principles of law in them are clearly included in the oral or written charges given.

The assignment of error as to the juror will not arise on another trial, and there is no necessity for passing thereon.

Reversed and remanded.

All the Justices concur.