(102 So. 112)

**DRUMMOND v. DRUMMOND.   (6 Div. 45.)**

(Supreme Court of Alabama.   Oct. 23, 1924.
Rehearing Denied Nov. 27, 1924.)

**1. Appeal and error ⟐1040(16)—Rulings on original counts immaterial where new counts substituted.**

Any ruling adverse to defendant on original counts in complaint is immaterial where complaint was amended by substituting new counts.

**2. Death ⟐46—Requisites of complaint stated.**

In action under Homicide Act, where death is result of negligence, complaint should show relation between parties as to raise duty from one to other, whereupon general averment of negligence is sufficient to show failure of duty, and should be followed by averment that negligence was proximate cause of death.

**3. Death ⟐47—Counts in complaint held not demurrable.**

In action under Homicide Act, counts in complaint that defendant wrongfully caused death of plaintiff's intestate by wrongfully shooting him with a pistol, and as proximate consequence of which wrongful shooting plaintiff's intestate died, held not demurrable.

**4. Death ⟐54—Plea of self-defense should show all elements.**

In action under Homicide Act, where self-defense is set up as justification, all elements thereof should appear in plea.

**5. Death ⟐54—When plea of self-defense need not negative opportunity for retreat, stated.**

In action under Homicide Act, a plea of self-defense showing homicide occurred in defendant's place of business need not negative opportunity for retreat.

**6. Death ⟐54—Plea may allege real or apparent necessity for killing in alternative.**

In action under Homicide Act, plea of necessity for killing in self-defense may set forth real or apparent necessity in the alternative.

**7. Death ⟐21—"Apparent necessity" for killing in self-defense must be present and imminent.**

In actions under Homicide Act, "apparent necessity" which will justify killing in self-defense must be such as to impress a reasonable man of its presence and imminence, and must so impress defendant at time of fatal shot.

**8. Death ⟐54—Requiring amendment to plea of self-defense held not to impose greater duty on defendant than law requires.**

In action under Homicide Act, where defendant's plea of self-defense stated that danger was imminent and was either real or reasonably apparent, court's action in sustaining demurrer thereto, thus requiring defendant to amend it by adding that he was impressed with honest belief of impending peril to his life or limb, and that it was necessary for him to shoot deceased in order to protect himself from death or great bodily harm, *held* not to impose on defendant greater duty than law requires.

**9. Executors and administrators ⟐51—Damages recoverable for wrongful death not assets of estate.**

Damages recoverable in action under Homicide Act are not assets of estate, administrator being mere representative or trustee of next of kin in suing for their benefit; and hence a plea seeking to set off an indebtedness due from decedent to defendant against claim for damages was properly overruled.

**10. Witnesses ⟐363(1), 372(1) — Any fact showing bias of witness proper evidence, and may be brought out on cross-examination.**

Any fact tending to show bias on part of witness is proper evidence and may be brought out on cross-examination, wide latitude being allowed to develop such fact.

**11. Witnesses ⟐372(1)—Extent of cross-examination and recall of witnesses discretionary with court.**

The extent of cross-examination to show witness' bias and recalling of witness for that purpose is in discretion of trial court.

**12. Trial ⟐18—Time allowed for trial and avoidance of collateral issues discretionary with court.**

The prevention of prolonged trials and avoidance of multiplied collateral issues are committed to wide discretion of trial judge.

**13. Witnesses ⟐370(1)—Evidence that witness favored one side admissible.**

Evidence tending to show that witness favored one side, such as giving full interview to counsel on one side and refusing to talk to counsel on other, is proper.

**14. Appeal and error ⟐1048(6)—Exclusion of cross-examination to show alleged bias of witness held harmless.**

Refusal to permit defendant, in action under Homicide Act, to cross-examine witness for plaintiff to show his bias in reporting killing, *held* harmless where witness was not actuated by bias, but merely performing duty, and his statements fully disclosed any bias he may have shown.

**15. Evidence ⟐110—Evidence that party attempted to intimidate witness or suppress testimony admissible against him.**

Evidence of attempt by party to intimidate witness, create bias, or suppress testimony, is admissible against such party.

**16. Evidence ⟐110—Evidence of attempt to intimidate witness not admissible against party where unauthorized and without his knowledge.**

In action under Homicide Act, evidence that witness for plaintiff had been taken out in a car and threatened with prosecution for death in question if he failed to adhere to first statements was properly excluded, where person thus threatening witness was neither party nor witness, nor shown to be agent of plaintiff, and where neither plaintiff nor her counsel was shown to have had any knowledge of such threats.

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**17. Death ⟨key⟩60—Evidence of defendant's character inadmissible.**

An action under Homicide Act is a civil action, and, though damages are punitive, evidence of defendant's general good character is inadmissible.

**18. Appeal and error ⟨key⟩207, 1060(1)—Refusal to exclude argument of counsel held not reversible error in absence of objection and prejudice.**

In action under Homicide Act, refusal to exclude argument of plaintiff's counsel that anybody under the law is presumed to be a man of good character *held* not reversible error, where not objected to at time of utterance and no injury could probably result.

**19. Trial ⟨key⟩260(1)—Refusal of charges covered by oral charges not error.**

Refusal of requested charges not error where fully covered by oral charges.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Action by Josephine Drummond, as administratrix of the estate of Sam Drummond, deceased, against Freeman Drummond, for damages for the wrongful killing of plaintiff's intestate. Judgment for plaintiff, and defendant appeals. Affirmed.

Plea 2 is as follows:

The defendant for answer to the complaint says: "He shot and killed the plaintiff's intestate in self-defense; that is to say, such shooting and killing occurred in the office and place of business of the defendant, and at the time of firing the shot by the defendant which took the life of plaintiff's intestate, the defendant was in danger of losing his life or of suffering grievous bodily harm at the hands of plaintiff's intestate, that such danger was imminent and was either real or reasonably apparent, and that the defendant was free from fault in bringing on the difficulty which resulted in the death of plaintiff's intestate."

This plea was amended by adding, after the words "reasonably apparent," the following:

"That the defendant was impressed with the honest belief of impending peril to his life or limb, and that it was necessary for him to shoot the deceased in order to protect himself from death or great bodily harm."

Gray & Powell, of Jasper, for appellant.

It is always permissible to ask on cross-examination questions tending to show interest or bias of the witness. Knox v. State, 18 Ala. App. 358, 92 So. 206; Arnold v. State, 18 Ala. App. 453, 93 So. 83; Anderson v. State, 18 Ala. App. 585, 93 So. 279; Gilchrist v. State, 19 Ala. App. 16, 95 So. 197; Motley v. State, 207 Ala. 640, 93 So. 508, 27 A. L. R. 276; Knowles v. Blue, 209 Ala. 27, 95 So. 481; Byrd v. State, 209 Ala. 65, 95 So. 655; Williams v. State, 18 Ala. App. 573, 93 So. 284; N., C. & St. L. v. Beard, 15 Ala. App.

468, 73 So. 828; Bigham v. State, 203 Ala. 162, 82 So. 192; Johnson v. State, 199 Ala. 255, 74 So. 366; Wright v. State, 201 Ala. 472; Parker v. Newman, 200 Ala. 103, 75 So. 479; Shepherd v. Butcher T. & H. Co., 198 Ala. 275, 73 So. 498; Hairrell v. State, 16 Ala. App. 110, 75 So. 702; Sorrell v. Scheuer, 209 Ala. 268, 96 So. 217.

Ray & Cooner, of Jasper, for appellee.

The amended complaint was not subject to demurrer. The plea of set-off was properly not allowed. Kuykendall v. Edmondson, 205 Ala. 265, 87 So. 882. Where there is no attempt to impeach the defendant, evidence of his good character is inadmissible. Bodine v. State, 129 Ala. 106, 29 So. 926. Cross-examination should not be so indulged as to lead to a multiplication of issues having no bearing on the question litigated. L. & N. v. Hall, 91 Ala. 121, 8 So. 371, 24 Am. St. Rep. 863; Clay v. Sullivan, 156 Ala. 397, 47 So. 153; Stanfield v. State, 3 Ala. App. 61, 57 So. 402; Newman v. State, 160 Ala. 105, 49 So. 786; Braham v. State, 143 Ala. 28, 38 So. 919; Wray v. State, 2 Ala. App. 142, 57 So. 144; Crain v. State, 166 Ala. 1, 52 So. 31; Cox v. State, 162 Ala. 66, 50 So. 398; Morningstar v. State, 59 Ala. 30; Vann v. State, 140 Ala. 122, 37 So. 158; Thomas v. State. 100 Ala. 53, 14 So. 621.

BOULDIN, J. The suit is for damages for death by wrongful act, brought under the Homicide Act. Code 1907, § 2486.

[1] The complaint was amended by substituting new counts for the original counts, thus eliminating the original. Any ruling adverse to defendant on the original counts is immaterial.

[2, 3] The third count charges that the defendant "wrongfully caused the death of * * * plaintiff's intestate, by wrongfully shooting him with a pistol." The fourth count charges the same, adding that "as a proximate consequence of which wrongful shooting plaintiff's intestate died." Both counts are good and not subject to demurrer. In cases under this statute where death is the result of negligence, a complaint should generally show such relation between the parties as to raise a duty from one to the other. Thereupon a general averment of negligence is sufficient to show a failure of duty. This should be followed by an averment that such negligence was the proximate cause of the injury. The counts before us charge direct trespass rather than case. If broad enough to cover a wrongful act resulting from negligence, they charge a violation of the common duty which all men owe to each other. Wrongfully causing the death of another by shooting him with a pistol, whether intentionally or negligently, includes all the elements of duty violated and causal

connection between the act and the fatal injury. Kuykendall v. Edmondson, 205 Ala. 265, 87 So. 882; Id., 208 Ala. 553, 94 So. 546; Massey v. Pentecost, 206 Ala. 411, 90 So. 866.

[4, 5] In setting up self-defense as justification in this form of action, all the elements of self-defense should appear in the plea. A plea showing the homicide occurred in the place of business of defendant need not negative the opportunity for retreat.

[6-9] In setting forth the necessity, the presence of imminent danger to life or of grievous bodily harm, it may present real or apparent necessity in the alternative. Apparent necessity must be such as to impress a reasonable man of its presence and imminence, and must so impress the defendant at the time of the fatal shot. Otherwise, he does not fire the shot in the necessary protection of his person, but out of other motive, and there can be no self-defense. The ruling on demurrer to plea No. 2, necessitating the amendment filed thereto, imposed on defendant no higher burden in maintaining self-defense than the law requires. Plea No. 3, seeking to set off an indebtedness due from the decedent to defendant against a claim for damages for wrongfully causing decedent's death, is not good for the following reason, if not otherwise: The damages recoverable are not assets of the estate; the administrator is a mere trustee or representative of the next of kin in suing for their benefit. Code 1907, § 2486; Kuykendall v. Edmondson, 205 Ala. 265, 87 So. 882. There was no error in rulings on the pleadings.

[10-14] Felix Gardner, a witness for plaintiff, was the only eyewitness to all or a part of the fatal difficulty. In a protracted cross-examination of Mr. Gardner, the defendant sought in many ways to show bias. Several assignments of error, earnestly argued, relate to rulings on this issue. In general, any fact which tends to show bias on the part of a witness is proper evidence. A wide latitude is allowed on cross-examination to develop such fact. The extent of such cross-examination, and especially the recalling of the witness for that purpose, is to a degree in the discretion of the trial court. The undue consumption of time in the trial of causes, and the avoidance of multiplied collateral issues tending to becloud the main issue before the jury, are matters necessarily committed in the first instance to the wise discretion of a trial judge. This discretion does not warrant the denial of the right to cross-examine the witness on matters directly affecting his interest or bias in the case.

Applying these principles in the case at bar, we think it sufficient to say:

The fact that the witness Gardner, on request of Jake Phillips, a kinsman of deceased, went to the solicitor's office and thence to the place of the homicide, made a full statement of the case and pointed out the location and movements of the parties, was not evidence of bias but a duty when called upon by public authority. The fact that the solicitor's office was locked for the purpose of a free and private interview was immaterial.

Evidence tending to show a lining up of a witness with one side, such as giving a full interview to counsel on one side and refusing to talk to counsel on the other, is proper, and its refusal error.

We have carefully gone over the examination of the witness Gardner. It appears from his repeated cross-examination that he freely admitted going to the solicitor's office at the instance of Jake Phillips, a kinsman of the deceased; that he told his version of the killing, went to the dental office where the homicide occurred, and pointed out the locations and distances; that he was advised not to talk about the case; and finally said:

"The attorneys for the defendant come to me and asked what happened up there, and I told them that it would be best for me not to tell, and I don't think I told them anything about what happened."

These statements sufficiently disclosed any bias which the witness may have shown in the matter, and rendered harmless any prior rulings thereon.

[15, 16] Effort was made to show that on another occasion Jake Phillips took the witness out in a car and told the witness that if he did not adhere to his first statement about the case, the defendant would charge the crime to the witness, or to that effect. While this evidence may tend in some degree to show the position in which the witness was placed, a different principle enters. Any effort by a party to intimidate a witness, to create bias or prejudice in his mind against the other side, or to suppress testimony, may be used as evidence against such party. The inquiry is not its effect on the witness and his testimony, but its probative force against the party resorting to such means to effect his ends. Such facts clearly shown often work the undoing of the party guilty of such practice. It indicates, not a seeking after justice, but an effort to poison the stream of justice. The reaction is a poison to the cause of him who seeks to use it. Clearly such consequences must not be visited on a party who is not shown to have resorted to this means. Phillips was not a party nor a witness, nor shown to be an agent of the plaintiff in the conduct of the cause. Neither the plaintiff nor her counsel are shown to have had any knowledge of the interview, if such there was, between Phillips and Gardner. To have admitted the evidence would have thrown into the case the doings of a third person to the probable

injury of the plaintiff. It was properly excluded.

[17] The evidence offered to prove the general good character of defendant was properly refused. While the damages are punitive, and in general the issue is the same as in a homicide case, it is a civil action. The rule which excludes the evidence in such actions is grounded, not so much on a difference in the probative effect of the testimony in civil and criminal cases, but upon the policy of opening up such issues. It may be said that a man of good character is less disposed to wrongfully kill another than a man of bad character. The same may be said as to all forms of torts, and even the breach of contractual obligations. Many forms of action ex delicto are grounded upon or aggravated by malice. Yet the good of character evidence in such cases is outweighed by the evils that go with such inquiry in civil cases. The facts of the case, found, if need be, by the aid of evidence of the character of witnesses, give the triors of fact the true basis for decision. Rhodes v. Ijames, 7 Ala. 574, 42 Am. Dec. 604; Holley v. Burgess, 9 Ala. 728; Greenwood Café v. Walsh, 15 Ala. App. 519, 74 So. 82; Lord v. Calhoun, 162 Ala. 444, 50 So. 402; Davis v. Sanders, 133 Ala. 275, 32 So. 499; 22 C. J. p. 470, § 561.

[18, 19] The remark of plaintiff's counsel in argument, "Anybody under the law is presumed to be a man of good character," is not shown to have been objected to at the time it was uttered. The defendant and witnesses were included in the remark, and no injury could probably result. It is not necessary to pass upon the legal accuracy of the remark. There was no reversible error in overruling the motion to exclude. The refused charges were fully covered by the oral charge. We find no reversible error in other rulings presented.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.