HELEN CUMMING, administratrix, *vs.* EDWARD W. JACOBS.

Suffolk.   Nov. 13, 1880. — Feb. 23, 1881.   ENDICOTT, J., did not sit.
FIELD, J., absent.

An action entered "neither party," for failure of the plaintiff to prosecute, is not defeated "for any matter of form," within the Gen. Sts. *c.* 155, § 11.

TORT, by the administratrix of John Cumming, for injuries sustained by the plaintiff's intestate, by reason of the explosion of a boiler owned and used by defendant.   Writ dated May 28, 1878.   Answer, the statute of limitations.   Replication, that a previous action for the same cause was duly commenced within the time allowed by law, and was defeated for matter of form. Trial in this court before *Lord*, J., who allowed a bill of excep tions, in substance as follows:

In December 1863, when the accident happened, and for several years after, the plaintiff and the defendant were residents of Essex county; and, within six years from the time her right of action accrued the plaintiff duly commenced her action against the defendant for the recovery of damages in the Superior Court for the county of Essex.   The action was removed from that court, on motion of the defendant, and entered in the Supreme Judicial Court for that county at April term 1870.   It remained there until November term 1875, when the counsel who are now engaged for the plaintiff and for the defendant entered their several appearances.   It so remained on the docket until the first day of April term 1878, when, on the calling of the docket, on motion of the counsel for the defendant, the court ordered the entry of "neither party" to be made in the case.   The case was not on the trial list.

It is the custom in the county of Essex to call the entire docket of cases in the Supreme Judicial Court on the first day of the term, but such a custom does not obtain in the county of Suffolk, and there is no rule of court requiring such practice. This custom was wholly unknown to the plaintiff's attorney, and the motion to enter "neither party" in the case was made by the defendant's attorney in the absence of the plaintiff's attorney, and without his knowledge or consent, and without any notice to him of any kind whatever.

On ascertaining that the entry had been made, the plaintiff's attorney notified the defendant's attorney, and moved to have the entry stricken off, and to have the case restored to the docket. This motion was denied on May 27, 1878, after a hearing before the Chief Justice of this court. Thereupon the plaintiff brought her present action for the same cause as her former action, in the Superior Court in the county of Suffolk, in which county she was then living, and had been for several years. This second action was removed, on motion of the defendant, to this court.

The plaintiff contended that her former action was defeated for a matter of form, and that her present action was not barred by the statute of limitations. The judge ruled that the former action was not dismissed or defeated for a matter of form, and that the present action was barred by the statute; and directed the jury to return a verdict for the defendant. The plaintiff alleged exceptions.

*C. P. Gorely*, for the plaintiff.

*S. B. Ives, Jr.*, for the defendant.

COLT, J. The statute of limitations is pleaded in defence of this action. The cause of action accrued in December 1863, and this suit was commenced in May 1878. The plaintiff relies on the provisions of the Gen. Sts. *c.* 155, § 11, by which it is enacted that, if any action is duly commenced, within the time limited in that chapter, and is avoided or defeated "for any matter of form," the plaintiff may commence a new action, within one year after the termination of the original suit.

It appears by the bill of exceptions that a previous suit for the same cause was commenced within six years, and before 1870, and that it was suffered to remain in court in the county of Essex until April term 1878. On the first day of that term, upon the calling of the entire docket, according to the custom in that county, in the absence of the plaintiff's counsel, and on motion of the defendant, the case was dismissed by an entry of "neither party." The plaintiff afterwards, and during the same term, moved to have the entry stricken off, and the case restored to the docket. The motion was denied by the Chief Justice, and thereupon the present action was brought in the Superior Court for the county of Suffolk.

The plaintiff contends that, because the first action was dismissed for a cause not affecting the merits, it must be deemed to have been dismissed "for matter of form," within the meaning of the statute. The statute is remedial, and its words are not to be construed unfavorably to the plaintiff. It has indeed been said that the signification of the word "form" is not limited merely to the manner in which parties state their claims or grounds of defence, but "extends to what has been, by legislative enactment or other legitimate authority, made the stated method or particular mode" in which suits shall be conducted. It was accordingly held in *Allen* v. *Sawtelle*, 7 Gray, 165, that the dismissal of an action, because of the accidental omission of the clerk of the court to enter it seasonably on the docket, was a dismissal for matter of form. And in *Woods* v. *Houghton*, 1 Gray, 580, an abatement or dismissal for want of jurisdiction of a trustee process brought in the wrong county was held to be an abatement or dismissal for matter of form. On the other hand, where a plaintiff failed to file, in compliance with the order of the court, a sufficient statement of reasons in avoidance of a discharge in insolvency, on which the defendant relied, and went to trial on an insufficient statement, and then to avoid the difficulty became nonsuit by leave of court, it was held that his action had not been defeated by any matter of form. *Swan* v. *Littlefield*, 6 Cush. 417. See also *Coffin* v. *Cottle*, 16 Pick. 383; *Bullock* v. *Dean*, 12 Met. 15.

The plain purpose of the statute is to relieve a person who, in the exercise of due diligence, within the time limited by the general statute of limitations, has attempted to enforce a claim by suit, and has failed in such attempt by reason of some matter of form, which can be remedied in a new proceeding, and which does not affect the merits of his case. It was not intended to encourage default or negligence in the prosecution or conduct of a suit duly and properly commenced and legally pending in court. It was the duty of the plaintiff herself, or by her attorney, to be present in court at the calling of the docket; her absence unexplained was sufficient cause for entering a nonsuit or dismissing the action. There was ample opportunity, on the motion to have the case restored, for the plaintiff to show that the absence was not due to her neglect, or the fault of her attorney,

and the overruling of the motion implies that there was such neglect as to warrant the court in refusing to grant the motion. A party who has lost his standing in court by a nonsuit or default, entered for his failure to appear and prosecute or defend the action, cannot be said to have been defeated in his cause by any matter of form, within the meaning of the statute.

*Exceptions overruled.*