PARRY LEE MOSS, by her next friend, v. THE NORTH CAROLINA RAILROAD COMPANY.

(Decided March 22, 1898).

*Action for Damages—Railroads—Public Carriers— Negligence—Pleading—Trial—Variance.*

1. A complaint proceeding upon one theory will not authorize a recovery upon another and entirely different theory.

2. In an action by a passenger against a railroad company for personal injuries in which the allegations of negligence were that the defendant failed to stop its train at a station where she was to change cars, to allow her to get off, and suddenly and carelessly

accelerated the speed of the train while she was getting off there, plaintiff cannot recover upon proof that the company failed to show her the safe way to go from one train to another at that station or from any train to the station or from the station to any train.

CIVIL ACTION tried at Fall Term, 1897, of ALAMANCE Superior Court before *Adams*, *J.*, and a jury. The facts appear in the opinion. There was a verdict for the plaintiff and from the judgment thereon defendant appealed.

*Messrs. E. S. Parker, Jr.*; *A. W. Graham* and *J. A. Long* for plaintiff.

*Messrs. F. H. Busbee* and *A. B. Andrews, Jr.*, for defendant (appellant).

FAIRCLOTH, C. J.: The plaintiff sues for personal injury caused by the alleged negligence of the defendant. The plaintiff entered defendant's passenger car at Oxford en route to Chapel Hill, N. C. At University Station, on said line, it was necessary to change cars and take the Chapel Hill train which stood out some short distance from the station, where the train on which the plaintiff came usually stops. The complaint alleges: "That when the train upon which they came (the plaintiff and her mother) reached the said University Station it did not stop but continued moving slowly by said station that the said Parry Lee Moss, accompanied by her mother came upon the platform of the car in which they were and that the conductor of said train commanded them in an angry and vehement way to get off if they were going to get off and that at the said command the said Parry Lee Moss immediately descended from said train and that while she was in the act of so descending the speed of said train was sud-

denly accelerated and that, owing to the failure of the
said train to stop at said University Station and to the
sudden and careless acceleration of the speed of the said
train and owing to the command of said conductor,
the said Parry Lee Moss was thrown under the train
and her feet crushed, to her great damage," etc.

These allegations were denied and there was conflict-
ing evidence on each material point.

1st issue: "Was the plaintiff injured by the negli-
gence of the defendant *as alleged in the complaint?*"

The charge was at length, and numerous prayers for
instructions and exceptions were made in the course of
the trial.

Among other things his Honor charged the jury:
"That the plaintiff being a passenger on the defendant's
train going from Oxford to Chapel Hill and it being
necessary for the plaintiff to change cars at University
Station; that while she was going from the train on
which she came to the said Station or from said Station
to any other train, she was still a passenger; and that
if she was injured by the failure of the company to
direct and show her the safe way to go from one train
to another, or from any train to the Station, or from
the Station to any train, then the company is guilty of
negligence and you should answer the first issue "yes."
Exception by defendant.

The above part of the charge was erroneous, and
without intimating any opinion on the abstract ques-
tion of law involved in the above quoted part of
the charge, we find the error to consist in charging
on a feature of negligence not alleged in the com-
plaint. A defendant is called upon to answer the
accusations made against him, but he is not called upon,
and it would be unreasonable to do so, to anticipate and

come prepared to defend any other accusation. It is a settled maxim of law that proof without allegation is as unavailable as allegation without proof. There is nothing in the answer to assist the complaint, if the facts were as the charge assumes them to be. *Conley* v. *Railroad*, 109 N. C., 692. ''A complaint proceeding upon one theory will not authorize a recovery upon another and entirely distinct and independent theory.'' 4 Elliott on Railroads, Section 1594. Several interesting questions were discussed before this Court. Some of them do not arise out of the pleadings and some do so only incidentally. We cannot see that it would serve any useful purpose to consider them at present. The judgment below is reversed and a new trial is awarded.

New trial.