NORFOLK & A. TERMINAL CO. v. ROTOLO.

(Circuit Court of Appeals, Fourth Circuit. May 17, 1910.)

No. 903.

1. LIMITATION OF ACTIONS (§ 130*)—NEW ACTION AFTER DISMISSAL OF FORMER ACTION—SUIT AGAINST WRONG DEFENDANT—VIRGINIA STATUTE.

Code Va. 1904, § 2934, which provides that where an action is brought against the wrong defendant, and judgment is rendered against the plaintiff solely on such ground, he may bring a new action within one year thereafter, notwithstanding the expiration of the time within which the action must otherwise have been brought, applies to any case where, through a misapprehension of the facts or for any other reason, without fraud, the action is brought against the wrong party, and is for that reason dismissed by the court.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 561; Dec. Dig. § 130.*]

2. CARRIERS (§ 315*)—ACTION FOR INJURIES—VARIANCE—ALLEGATIONS OF NEGLIGENCE.

Under the rule of pleading in Virginia that the declaration must allege the facts upon which plaintiff relies as constituting his cause of action, that defendant may be advised of the issue he is required to meet, which rule governs the federal courts in that state by virtue of the conformity statute (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]), a declaration in an action against a street railroad company which alleges that after plaintiff had boarded one of defendant's cars as a passenger, and was standing on the step, defendant's employés negligently ran another car against him by which he was injured, is not supported by evidence that the car on which plaintiff was standing was moving while the other car was standing still at the time of the injury, and an instruction permitting a recovery on such state of facts was erroneous.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1281, 1282; Dec. Dig. § 315.*]

Brawley, District Judge, dissenting.

In Error to the Circuit Court of the United States for the Eastern District of Virginia, at Norfolk.

Action by Frank Rotolo against the Norfolk & Atlantic Terminal Company. Judgment for plaintiff, and defendant brings error. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Frank Rotolo, alleged citizen and subject of the kingdom of Italy, filed in the court below on August 31, 1908, his declaration in trespass on the case against the Norfolk & Atlantic Terminal Company, alleging himself to have been injured at or near the intersection of City Hall and Monticello avenues, in the city of Norfolk, Va., while entering an electric car operated by defendant company for the purpose of carrying passengers for hire. It is alleged in the first count of the declaration that this injury was received by reason of the defendant, by and through its servants, negligently running another car upon and against plaintiff whilst he was on the step and platform of the first car in the act of boarding it. In the second count it alleged that defendant had placed one of its cars at the intersection of City Hall and Monticello avenues to receive passengers; that a large number of persons were entering this car; that the platform thereof was crowded with such persons; that the plaintiff had gotten upon the step and platform of this car, when the servants of defendant operating another car of defendant at or near the place, who saw, or by reasonable care could have seen, plaintiff in the position that he was in in time to have avoided injuring him, negligently ran this last-named car upon him and injured him. It is alleged in both counts of the declaration that this injury was incurred on April 1, 1907, that within one year from that date, to wit, on December 14, 1907, plaintiff instituted suit in the court below against the Norfolk & Portsmouth Traction Company to recover damages therefor; that on June 13, 1908, a judgment was entered therein determining that the injury was inflicted by the Norfolk & Atlantic Terminal Company, and not by the Norfolk & Portsmouth Traction Company, by reason whereof said action against the latter was dismissed with cost. On September 16, 1908, the defendant filed a·plea to the jurisdiction denying plaintiff to be a citizen or resident of the kingdom of Italy, but alleging him at the time of the institution of his suit, and since, to have resided and had his home in Norfolk, Va. On November 6, 1908, the defendant filed its plea of the statute of limitations. On November 7, 1908, the plaintiff filed a special replication to the plea to the jurisdiction, alleging himself to be a citizen of Italy within the meaning of the Constitution and statutes of the United States, and that his residence in Norfolk was temporary only. On the same day he filed special replication to defendant's plea of the statute of limitation, alleging the institution for the same cause of action of his suit against the Norfolk & Portsmouth Traction Company, the judgment therein, and the institution of this suit within one year after such judgment. On this same day defendant filed its demurrer to plaintiff's declaration and by agreement in writing the issue raised by the plea to the jurisdiction was submitted to the court without jury. The court entered thereupon an order overruling this plea and the demurrer to the declaration; the defendant entered its plea of not guilty, and issues were joined thereon, and, upon the plea of limitation, motion was entered by defendant to require plaintiff to file a bill of particulars, which motion was sustained, and this "bill of particulars" was filed in words and figures following:

"The manner in which the plaintiff was injured is as follows: "A car of the defendant was at or very near the corner of Monticello avenue and City Hall avenue, in the city of Norfolk, which the plaintiff, intending to go to Pine Beach, in Norfolk Co., Va., and a number of others were attempting to board for the purpose of becoming passengers. While in the act of boarding the car another car of the defendant approached and in rounding the curve at that point the end or corner of the car, came too close to the car which the plaintiff was then boarding, he being then on the step of said car, and struck the plaintiff causing the injuries of which he complains in the declaration Counsel for Plaintiff."

This "bill of particulars" was subsequently permitted to be amended by minor additions, and the cause at the instance of the defendant was continued until February 1, 1909, when a trial was commenced, and, at a subsequent day, verdict for $5,000 in favor of plaintiff was rendered, motion by defendant to set aside was entered, overruled, judgment rendered and exceptions taken. The defendant has sued out this writ of error assigning 34 grounds therefor.

W. H. Venable and Henry W. Anderson, for plaintiff in error.

J. L. Jeffries (Jeffries, Wolcott, Wolcott & Lankford, on the brief), for defendant in error.

Before PRITCHARD, Circuit Judge, and BRAWLEY and CONNOR, District Judges.

PRITCHARD, Circuit Judge (after stating the facts as above). We are confronted at the threshold of this case with the question as to whether the court below erred in rejecting the plea of the statute of limitations. This involves a construction of section 2934 of the Code of 1904 of Virginia, which gives further time when a suit has been brought against the wrong defendant. The section in question reads as follows:

"If an action commenced within due time in the name of or against one or more plaintiffs or defendants abate as to one of them by the return of no inhabitant or by his or her death or marriage, or if in an action commenced within due time judgment for the plaintiff shall be arrested or reversed upon a ground which does not preclude a new action for the same cause, or if there be occasion to bring a new suit by reason of the loss or destruction of any of the papers or records in a former suit which was in due time, or if any pending cause or in any action or suit hereafter commenced within due time in any of the courts of this commonwealth the plaintiffs proceed or have proceeded in the wrong forum or bring the wrong form of action or against the wrong defendant and judgment is rendered against the plaintiff solely upon such ground, in every such case, notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year after such abatement, or arrest, or reversal of judgment, or loss or destruction, or judgment against the plaintiff, but not after: Provided, however, that the time that any such action or suit first brought shall be pending in any appellate court shall not be included in the computation of said year."

It is apparent that this statute, among other things, was intended to provide that where one, because of a misapprehension of the facts or other reason, and without fraud, institutes suit against the wrong person, the bringing of such suit will not prevent him from instituting suit against the proper defendant, if the suit abates solely upon that ground. Here, it clearly appears that suit was instituted against the wrong defendant, due solely to a misapprehension of the facts, and without fraud on the part of the plaintiff. Under these circumstances, we think the ruling of the court upon the issue joined on the plea of the statute of limitations was eminently proper.

We now come to consider what we conceive to be the most important question presented by the assignments of error, to wit, as to whether the court below erred in its statement to the jury, which was substantially to the effect that, notwithstanding the fact that in the two counts contained in the declaration, and the bill of particulars filed, it was alleged that the defendant carelessly and negligently ran the north-bound car so as to cause the injury which the plaintiff sustained, that if it should be found that the injury was sustained at a time when the north-bound car was stationary, and that such injury was due to the fact that the south-bound car was in motion, the plaintiff would be entitled to recover.

The declaration contains two counts, these counts being in substance as follows:

"First count: The said plaintiff * * * was entering for the purpose of becoming a passenger, and then and there became a passenger on one of the said electric cars * * * and had gotten upon the step and platform for the purpose of entering said car as a passenger, * * ; * the said defendant * * * by and through its said servants, grossly, negligently and recklessly ran another one of its cars against the plaintiff whilst he was upon said step and platform as aforesaid. * * *

"Second count: And the said defendant * * * had placed one of its said cars at the intersection of City Hall and Monticello avenues * * * to receive passengers * * * and the said plaintiff says * * * that at the time he had gotten upon the step and platform of said car, for the purpose of entering the same as a passenger * * * and was proceeding to enter the said car. Nevertheless the said defendant, , * * * after its servants in charge of another of its said cars, at and near that place, which was approaching the car upon which the plaintiff then and there was, as aforesaid, saw, or by the exercise of ordinary care could have seen, the plaintiff in the position in which he then and there was, in time to have avoided injuring him, carelessly, negligently, and recklessly ran its said car upon and against the plaintiff. * * *"

These counts are based upon the theory that whilst the plaintiff was upon the step and platform of the south-bound car which he was attempting to enter for the purpose of becoming a passenger, the defendant, through its servants, recklessly and negligently ran another car against the plaintiff, thus causing the injury which the plaintiff sustained.

It will be seen that the defendant was called upon to answer a specific charge of negligence, to wit, that it ran its north-bound car in a negligent and careless manner so that the plaintiff was thereby injured. Nowhere in the declaration is there to be found any allegation to the effect that the defendant carelessly or negligently operated the car which the plaintiff was attempting to enter for the purpose of becoming a passenger. Thus, the issue was at the time of the trial clearly defined, and the defendant was not required to meet any theory as to how the accident occurred other than the one set forth in the pleadings. It appears from the evidence that some of the witnesses testified that the north-bound car was standing still, and that the accident was due to the fact that the south-bound car was in motion and thereby came in contact with the north-bound car. In referring to this phase of the question the court, among other things, said in its charge:

"You are further charged that the two counts in the declaration filed by the plaintiff in this case, together contain all the charges that the defendant has been summoned here to answer. Both of those counts allege a state of facts, which, if true, would make the plaintiff a passenger at the time he was injured; the only material difference in the charges of negligence against the defendant in the two counts being that while in the first count it is alleged the servants of the defendant operating one of its cars, carelessly, negligently and recklessly ran into the plaintiff while he was on the step of the platform of another car, the second alleges that this was done after the defendant's servants operating the car which is alleged to have run into him, 'saw, or by the exercise of ordinary care, could have seen the plaintiff in the position in which he then and there was, in time to have avoided injuring him'; there is the further difference between the two counts in that, by the second count, it is averred that the car upon which the plaintiff took passage had been placed at the intersection of City Hall and Monticello avenues, with a view

of receiving passengers, and the first count omits the averment that the car on which the plaintiff was injured, was thus stationary."

The court then proceeded to further explain to the jury what they must find in order to justify them in finding a verdict in favor of the plaintiff:

"The court charges you that if you believe from the testimony that the plaintiff took passage upon a car of the defendant company, either as charged in the first or second counts of the declaration, that it was the duty of the defendant to use due and proper care to safeguard and protect him while thus a passenger on the rear platform of one of its cars, and if you believe that while thus upon the platform of one of its cars, the defendant negligently ran another car upon and against him causing the injury sued for, then he is entitled to recover damages. If, on the other hand, you should believe that the plaintiff sustained the injury sued for, not because of any negligence or neglect on the part of the defendant in running its car against him while he was a passenger on another one of the defendant's cars, but because of his negligence in recklessly and carelessly attempting to board a moving car of the defendant company, and while hanging to the outside of the gate opposite to the side on which passengers were being received, and in that way came in collision with another car of the defendant company, he is not entitled to recover."

Up to this point the charge is in perfect harmony with the theory of the declaration, and the court clearly instructed the jury that, in order to entitle the plaintiff to recover, it must be found as a fact that the defendant carelessly and negligently ran its car against the plaintiff while he was attempting to board the south-bound car; and the court further said that unless they should find that the defendant carelessly and negligently ran its car against the plaintiff, as alleged, the plaintiff would not be entitled to recover.

It appears from the record that counsel for the defendant in addressing the jury, called attention to the fact that the defendant's defense to the action was that the north-bound car was standing and that the south-bound car was passing the north-bound car at the time the accident happened, and was insisting that he would be able to show from the court's instruction (which we have quoted) and from the declaration, that those in charge of the north-bound car were charged in the declaration with negligently running into the plaintiff, and insisted, therefore, that the plaintiff could not recover if they found from the evidence that the north-bound car was standing while the south-bound car was being negligently operated. In other words, it was insisted by counsel for the defendant that the proof, as he viewed it, did not sustain the allegations contained in counts Nos. 1 and 2, and that, therefore, there was a fatal variance. The court at this point interrupted the counsel, and made the following statement to the jury:

"Though it is customary for the court to comment on the testimony, I rarely do it, and have not done it in this case, but I ought not to sit here and hear you make the explanation you are making now, in the light of the inquiry of the juror as to the court's instruction, because it might mislead the jury. The juror's question was this: 'What effect would moving the north-bound car have, if it was sufficiently close to the other track to cause a collision?' and you are arguing to the jury that the court's instruction in effect says that the north-bound car must have moved in order to entitle the plaintiff to recover, because there is no averment of negligence on the part of the plaintiff against the defendant but for running its south-bound car. Now,

that implies that it would be negligence on the defendant's part to run their south-bound car down their south-bound track. The court never meant to imply that. The instruction means that if this north-bound car was in such close proximity to the other car by reason of its being on the curve, whether standing or moving, as that a passenger on the other car would be run into by it, then that would not disentitle him to recover, because it would be upon the assumption that the defendant was guilty of negligence in using its own tracks, which is not the case. If the car was so close to the other track that it could not run, it must not go any further than necessary to allow the other to pass."

This statement is inconsistent with paragraphs 3 and 4 of the charge, and practically nullifies what the court had to say in those paragraphs as respects the right of the plaintiff to recover. In other words, the statement of the court contained in those two paragraphs was to the effect that the plaintiff could not recover unless he offered proof to show, (1) that he was a passenger on the south-bound car; and (2) that his injury was due to the fact that the defendant carelessly and negligently ran its north-bound car so as to strike him while he was attempting to board the south-bound car. The learned judge, in the statement which we have just quoted, practically told the jury that it made no difference whether the proof as to which car was moving showed that the plaintiff was struck by the north-bound car as alleged, or whether his injury was due to the fact that the south-bound car was moving and thereby came in contact with the north-bound car. After counsel for defendant had concluded his argument, the court submitted an additional instruction to the jury, bearing upon this phase of the question, as follows:

"During the discussion of the court's instructions by counsel for the defendant, one of the jurors inquired of him as to what would be the effect of the north-bound car remaining stationary on the curve at the time of the accident; and the court, in view of counsel for defendant's interpretation of the court's instructions on that point, orally made explanation of the instruction, intending to write the same out formally, which it now does, leaving, however, in the record, what was orally stated as taken down by the stenographer at the request of defendant's counsel, and by permission of the court.

"The juror's inquiry is as to what would be the effect of the north-bound car remaining stationary on the curve at the time of the accident, so that a passenger on a south-bound car was struck by the north-bound car, so standing on the curve, and not actually moving at the time. The court charges you that the plaintiff is not disentitled to recover merely because the north-bound car may have been standing, instead of moving, if you believe from the evidence, under the instructions of the court, having regard as well as to the plaintiff's contributory negligence, that the striking of the plaintiff while a passenger, and himself exercising due care, so on the south-bound car, by the north-bound car, was the proximate and direct cause of the accident."

This case, coming, as it does, from the Eastern District of Virginia, we are governed by section 914, Rev. St. 1878, 4 Fed. Stat. Ann. § 914, p. 563 (U. S. Comp. St. 1901, p. 684), which reads as follows:

"Sec. 914. The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceedings existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding."

In the case of Baltimore & Ohio R. Co. v. Whittington's Adm'r, 30 Grat. (Va.) 805, the court in stating the object of a declaration, said:

"The object of a declaration is to set forth the facts which constitute the cause of action, so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court who are to give judgment. 1 Chitty, Plead. 256; Barton's Law Prac. p. 103. It is very true that in actions for torts it is frequently sufficient to describe the injury generally, without setting out the particulars of the defendant's misconduct. In such cases great latitude of statement is allowed. But this rule does not justify a general and indefinite mode of declaring, admitting of almost any proof. 1 Chitty, Plead. 406 note; Jones v. Stephens, 11 Price's R. 235; 1 Saunders on Plead. and Evidence, 510."

The leading case in Virginia on the subject is the case of Hortenstein v. Virginia-Carolina Ry. Co., 102 Va. 914, 47 S. E. 996. It appears from an examination of that case that the rule of pleading in actions of this nature, prior thereto, had not been very strict. However, after an exhaustive review of the law in that case, the court, among other things, quoted with approval the following statement of Judge Staples in the case of Baltimore & Ohio R. Co. v. Whittington's Adm'r, supra:

" * * * The learned counsel for the plaintiff insists that if greater particularity is required in stating the cause of action, the plaintiff is liable to be defeated on the trial by a variance between the allegations and the proofs. A declaration can, however, subserve no good purpose unless it be sufficiently specific to inform the adverse party of the ground of complaint. If it is deficient in that particular, it may as well be dispensed with altogether. The plaintiff is presumed to have some knowledge of the facts upon which his action is founded. If he is in doubt as to the precise nature of the evidence, he may frame his declaration with different counts, varying his statements to meet every possible phase of the testimony."

These cases define what is necessary to constitute a proper count upon a given state of facts; but in the case at bar there is no attempt in any count to set forth the facts so as to present this particular theory, which, among other things, was submitted to the jury.

As we have stated, some of the witnesses testified that the plaintiff boarded the south-bound car, which began to move and at which time the north-bound car had come to a standstill on the curve, and that the south-bound car in attempting to pass the north-bound car came in such close proximity to the same that the plaintiff, who was standing on the steps or platform of the south-bound car, came in contact with the north-bound car and was thereby injured.

There is nothing contained in either one of the counts which undertakes to charge that the plaintiff was injured in the manner described by these witnesses, and, under such circumstances, it was but natural that counsel for the defendant should, among other things have insisted that if the jury found the facts to be in accordance with this evidence, there was a fatal variance, and that the plaintiff would, therefore, not be entitled to recover.

In the case of Peary Lee Moss v. North Carolina Railroad Company, 122 N. C. 889, 29 S. E. 410, the general rule in regard to this question is clearly stated as follows:

"* * * A defendant is called upon to answer the accusations made against him, but he is not called upon, and it would be unreasonable to do so, to anticipate and come prepared to defend any other accusation. It is a settled maxim of law that proof without allegation is as unavailable as allegation without proof. There is nothing in the answer to assist the complaint, if the facts were as the charge assumes them to be. Conley v. Railroad Company, 109 N. C. 692 [14 S. E. 303]. 'A complaint proceeding upon one theory will not authorize a recovery upon another and entirely distinct and independent theory.' 4 Elliott on Railroads, § 1954."

It may be insisted that this evidence was in the nature of a surprise to counsel for the plaintiff, but it would have been an easy matter for the plaintiff to have amended his declaration at that stage of the proceedings so as to charge that the defendant carelessly and negligently stopped its north-bound car at a point on the curve which brought it in contact with the south-bound car while the same was passing and that the defendant carelessly and negligently operated its south-bound car so as to injure the plaintiff by being brought in contact with the north-bound car. The plaintiff did not avail himself of the right which he undoubtedly had to make such amendment, and his failure to do so placed him in a position where he was bound to rely solely upon the two counts contained in the declaration. Under such circumstances, we are of opinion that the court below submitted to the jury a theory not supported by any count contained in the declaration, and in view of which we are impelled to the conclusion that the court erred in this respect, and that its action in this respect, in view of the other two counts, was such as to materially prejudice the rights of the defendant.

It being apparent that the judgment of the lower court must be reversed, the verdict of the jury set aside, and a new trial awarded, we deem it unnecessary to consider the other assignments of error.

Reversed.

BRAWLEY, District Judge, dissenting.