WILLIAM F. JORDAN *vs.* COUNTY COMMISSIONERS OF BRISTOL.

Bristol.    May 20, 1929. — September 9, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Damages,* For property taken or damaged under statutory authority. *Limitations, Statute of.  Jurisdiction.*

The bringing of a petition for the assessment of damages for a taking of land by eminent domain against the Commonwealth instead of against a county is not an "inaccuracy, irregularity or matter of form" within the meaning of those words as used in G. L. c. 79, § 17; and if, after such a petition, seasonably brought, was quashed or abated, a new petition was brought against the county more than one year after entry upon the premises taken, such later petition is barred by the statute of limitations, G. L. c. 79, § 16.

The statute, G. L. c. 79, § 16, is a limitation of the right to maintain such an action as well as a limitation of remedy, and therefore the court had no jurisdiction to entertain the petition in the circumstances above described and it was dismissed.

PETITION for assessment of damages for a taking by eminent domain, filed in the Superior Court on April 25, 1928.

Proceedings in the Superior Court before *Morton, J.,* are described in the opinion. The jury found for the petitioner in the sum of $1,763, and the judge reported the petition for determination by this court.

*E. R. McCormick,* for the respondents.

*H. C. Thorndike,* for the petitioner.

FIELD, J. This is a petition for the assessment of damages for the taking by eminent domain by the respondents, the county commissioners of Bristol County, of a part of the premises of the petitioner, William F. Jordan, in Swansea, for the purpose of relocating the so called Fall River-Seekonk Highway. Previously, on March 18, 1926, the petitioner

brought a petition for the assessment of damages in which he named the Commonwealth of Massachusetts as the respondent. The Commonwealth appeared and answered, denying that it had ever taken any land of the petitioner. Thereafter the petitioner filed a motion in which he set forth that he had named erroneously the Commonwealth of Massachusetts as the respondent instead of the county commissioners of Bristol County, and moved that the petition be "quashed or abated in accordance with the provisions" of G. L. c. 79, § 17. The motion was allowed on March 5, 1928, and thereafter, on April 25, 1928, the present petition was filed. These respondents appeared, answered and pleaded in bar the statute of limitations. The case was tried by a judge and a jury. The petitioner's evidence tended to prove that entry on the premises was made on September 15, 1925. At the close of the respondents' case they moved that a verdict be directed for them for the reason that the petitioner had failed to bring his petition within the statutory period. This motion was denied and the respondents excepted. The jury found for the petitioner and assessed damages in the sum of $1,763. By agreement of the parties the case was reported to this court. According to the terms of the report, "If the action of the court in refusing to direct a verdict for the respondents as requested was right, judgment should be entered for the petitioner for one thousand seven hundred and sixty-three ($1763) dollars, with interest, and costs; otherwise, judgment for the respondents."

The question for determination is whether this petition is barred by the statute. Since it did not appear to have been brought within one year after entry upon the premises, it was within the bar of the statute (G. L. c. 79, §§ 3, 16; *McCarthy* v. *Simon*, 247 Mass. 514, 519) unless that bar was removed by G. L. c. 79, § 17, which provides in part that "If a person petitions for an award or assessment of his damages within the time limited by law . . . and the petition is quashed, abated or otherwise avoided or defeated for any inaccuracy, irregularity or matter of form, . . . such petitioner . . . may begin such proceedings anew within one year after such abatement, reversal or other determination."

According to the evidence, the petition against the Commonwealth was brought within one year after entry upon the premises, "the time limited by law." It failed, however, because it was brought against the wrong respondent. Was the petition, therefore, "quashed, abated or otherwise avoided or defeated for any inaccuracy, irregularity or matter of form" within the meaning of the statute?

Provisions in limitation statutes somewhat similar to the provision now under consideration have been adopted widely (see *Watterson* v. *Owens River Canal Co.* 190 Cal. 88, 94), and go back many years. See St. 21 Jac. 1, c. 16, § 4 (1623-4). In this Commonwealth in addition to this provision (G. L. c. 79, § 17; see St. 1847, c. 181, § 2; § 17 of c. 48A, added to the General Laws by St. 1918, c. 257, § 187), there are provisions in connection with the general statute of limitations (G. L. c. 260, § 32; see Acts and Resolves of the Province of Massachusetts Bay, 1770-1, c. 9, § 3; St. 1793, c. 75, § 2), and in connection with the statute of limitations applicable to suits against executors and administrators. G. L. c. 197, § 12; see St. 1855, c. 157, § 1. These statutory provisions dealing with similar subjects as far as possible should be interpreted so as to be harmonious. See *Taft* v. *Stow*, 174 Mass. 171, 174. They are to be construed favorably to the plaintiff or petitioner in order to carry out the remedial purposes of the Legislature. *Coffin* v. *Cottle*, 16 Pick. 383, 385. *Woods* v. *Houghton*, 1 Gray, 580, 583. *Cumming* v. *Jacobs*, 130 Mass. 419.

The present statute (unlike the Virginia statute considered in *Norfolk & A. Terminal Co.* v. *Rotolo*, 103 C.C.A. 197; 179 Fed. Rep. 639) does not in terms apply to petitions which failed because brought against the wrong respondents. Unless the bringing of the petition against the wrong respondent was an "inaccuracy, irregularity or matter of form," the new petition is barred. These words have furnished the measure of the application of the part of the statute which is material here since it was enacted in 1847. Of this statute in an earlier codification Chief Justice Gray said in *Fall River Railroad* v. *Chase*, 125 Mass. 483, 484, "The St. of 1874, c. 372, § 80 . . . is limited to cases in which proceedings . . .

have been quashed or defeated for informality." Doubtless the words "inaccuracy" and "irregularity" were inserted originally in order that the statute should not be limited through a narrow interpretation of the words "matter of form" to cases which were defeated because of "the manner in which parties . . . state their particular claims of grounds of defence," but should apply to all failures for "informality of proceedings." See *Allen* v. *Sawtelle*, 7 Gray, 165, 166. The similar provisions in the other statutes in terms limit the bringing of new actions to cases where the old actions failed through informality, except so far as a new action is permitted specifically where the old action failed because of insufficient service or return of the writ, or the death of the defendant. See G. L. c. 197, § 12; c. 260, § 32. Thus failure of the first petition because of "matter of form" liberally construed is essential to the removal of the statutory bar against the maintenance of the new petition.

It is not essential that the first petition should have been disposed of on its merits in order to take it out of the class of petitions which fail for "matter of form." See *Cumming* v. *Jacobs, supra.* See also *Swan* v. *Littlefield*, 6 Cush. 417. It was said in *Allen* v. *Sawtelle, supra*, in interpreting Rev. Sts. c. 120, § 11 (now G. L. c. 260, § 32), that "the signification of 'form,' when considered in reference to the prosecution of suits in courts of law . . . extends to what has been, by legislative enactment or other legitimate authority, made the stated method or particular mode in which they shall be conducted." There is no tendency in the opinion in *Cumming* v. *Jacobs, supra*, in which much of this language was quoted, page 421, to enlarge the definition though there is recognition that the "statute is remedial" and that it is not to be "construed unfavorably to the plaintiff." Under this statute an action brought in the wrong county was held to have failed for informality. *Woods* v. *Houghton*, 1 Gray, 580. So also it was held as to a proceeding at law which should have been brought in equity. *Taft* v. *Stow*, 167 Mass. 363; S. C. 174 Mass. 171. However, plaintiff, cause of action and defendant cannot be regarded as "form" within this definition. They are matters of substance. Misnomer or

misdescription of any of these substantive elements may be "matter of form" but the mistaken choice of a defendant unrelated to the subject matter of the case is not merely a formal error.  See *Cox* v. *Strickland,* 120 Ga. 104; *Hughes* v. *Brown,* 88 Tenn. 578.  There is no reason in the relation of the Commonwealth to the county commissioners of Bristol County or to the taking for which damages are claimed by the petitioner which takes the case out of this principle.  The conclusion is that the first petition did not fail for such a cause that the petitioner is entitled to "begin such proceedings anew."

The decisions to the effect that the court may permit a new defendant to be substituted by amendment after the statute of limitations has run (see *McLaughlin* v. *West End Street Railway,* 186 Mass. 150; *Genga* v. *Director General of Railroads,* 243 Mass. 101), are not controlling in this case. They were made under statutes (now G. L. c. 231, § 51) which permitted the allowance of any amendment "in matter of form or substance" so long as it enabled the plaintiff "to sustain the action for the cause for which it was intended to be brought."  The substantive nature of the change effected by such an amendment therefore has statutory sanction.

It follows that the petition was barred by the statute of limitations.  As the statute "is a limitation of the right as well as a limitation of the remedy" the trial court had no jurisdiction to entertain the petition, (*Nicklas* v. *New Bedford,* 250 Mass. 471, 475), and it should have been dismissed. *Corbett* v. *Boston & Maine Railroad,* 219 Mass. 351, 356.

*Petition dismissed.*