Pettingell, J.
The plaintiff originally brought an action of tort against this defendant which was not entered on the return day. A week later, the plaintiff filed a motion for a late entry, which, after a hearing, the trial judge allowed. In his “Findings of Facts” he found that after the writ was received by the plaintiff’s attorney, from the officer who had served it, the “plaintiff’s attorney entrusted it to the care of an employee with the direction to see to it that it was duly entered in Court on the entry day. Because of a mistaken belief that the entry day of the writ was September 26th, rather than September 19th, the writ was not entered on the date stated therein and the error was not discovered until * * * September 26th”. The trial judge then found that *146 “failure of plaintiff’s attorney to enter the writ and declaration on the entry date stated therein was due to error, mistake and misfortune rather than because of any desire to abandon the action”.
The defendant then filed a motion to dismiss the action on the ground that the trial judge had no authority to allow its late entry after the time specified in the Buie VI of the District Courts (1932 Ed.) had elapsed. This motion was allowed, and the action dismissed, the judge ruling, “If the court has authority to exercise discretion on the foregoing facts, then the defendant’s motion to dismiss the. action would have been denied. ’ ’
The ease then went to the Appellate Division on the issue of the authority of the trial judge to allow the late entry. The Appellate Division dismissed the report, holding that the trial judge had no authority to allow the late entry.
The plaintiff then brought the present action, and contends that the facts bring it within G. L. (Ter. Ed.) C. 260, Section 32, which allows the bringing of a second action, after the time specified in the Statute of Limitations has expired, if the first action failed for any one of several stated reasons. The present report states, “The parties have agreed that the sole issue in this case is whether this action can be sustained on Count III of the plaintiff’s declaration, General Laws, (Ter. Ed.) Chapter 260, Sec. 32”.
The statute in question reads as follows:
G. L. Ch. 260 Sec. 32.
“If, in an action duly commenced within the timé limited in this chapter, the writ fails of a sufficient service or return by reason of an unavoidable accident or of a default or neglect of the officer to whom it is committed, or if the writ is abated or if the action is otherwise avoided or defeated by the death of a *147 party thereto or for any matter of form, or if, after a verdict for the plaintiff or demandant, the judgment is arrested, or if a judgment for the plaintiff or demandant is reversed, the plaintiff or demandant or any person claiming under him may commence a new action for the same cause within one year after the abatement or other determination of the original action, or after the reversal of the judgment; and if the cause of action by law survives, the executor or administrator of the plaintiff or the heir or devisee of the demandant may commence such new action within said year.”
The plaintiff’s contention, as set forth in his brief, and at the oral argument, is that the original action failed because of “matter of form”.
What is “matter of form” has been discussed in several cases. Bullock v. Dean, 12 Metc. 15, at page 17, states, “The Statute of limitation is therefore saved, if the service of the first writ failed by reason of unavoidable accident, or by the default or neglect of an officer”. The court then goes on to define “unavoidable accident” as “an unforeseen cause, preventing the service of the writ, where due diligence has been used, by the creditor, to commence his suit seasonably, by the due and ordinary course of law”. In Woods v. Houghton, 1 Gray, 580, “matter of form” was held to include an abatement or dismissal of an action by the trustee process brought in the wrong county. In Allen v. Sawtelle, 7 Gray 165, it was held to include an abatement or dismissal' of an action because of the accidental omission of the clerk of court to enter it seasonably upon the docket.
In Cummings v. Jacobs, 130 Mass. 419, the court uses language upon which the plaintiff greatly relies, saying, at page 421,
“The statute is remedial, and its words are not to be construed unfavorably to the plaintiff. It has *148 indeed been said that the word ‘form’ is not limited merely to the manner in which parties state their claims, or grounds of defence, but ‘extends to what has been, by legislative enactment or other legitimate authority, made the stated method or particular mode in which suits shall be conducted.’ ”
In Jordan v. County Commissioners, 268 Mass. 329, the language just quoted was carefully considered by the court which then went on to hold that it was not “matter of form” where the plaintiff chose to sue a defendant who was not liable, instead of the proper defendant. And in the cases in which defects in “matter of form” have been found there is frequently a word of exception either eliminating the negligence of the aggrieved party as a material factor or referring to the existence of his due diligence. Thus, in Bullock v. Dean, 12 Metc. 15, at page 17, the court says that the statute applies “where due diligence has been used, by the creditor”; and in Allen v. Bawtelle, 7 Gray 165, at page 166, the court says of the plaintiff, “He used the diligence required by the law, when he instituted his first suit against the defendant. This was defeated through no negligence or inattention of his own.” In Cummings v. Jacobs, 130 Mass. 419, at page 421, the court says,
“The plain purpose of the statute is to relieve a person who, in the exercise of due diligence, within the time limited by the general statute of limitations, has attempted to enforce a claim by suit, and has failed in such attempt by reason of some, matter of form, which can be remedied in a new proceeding, and which does not affect the merits of his case. It was not intended to encourage default or negligence in the prosecution or conduct of a suit duly and properly commenced and legally pending* in Court.”
In the case at bar, the trial judge - gave the defendant’s fourth requested ruling, which was as- follows:
*149 “At a matter of law, the employee of the plaintiff’s attorney in the first action was negligent in being mistaken.”
Negligence in a case of this kind is, of course, a matter of fact and not a matter of law. While the granting of this request in its exact wording was improper, nevertheless, considering the general finding for the defendant, and following- the reasoning used by the Supreme Judicial Court in Sylvester v. Shea, 280 Mass. 508, at 509, 510; and Keefe v. McCarthy, Mass. Adv. Sh. (1936) 1363, at 1364, 1366; we believe that the judge intended to rule “that the evidence warranted a finding that the defendant was negligent, and then to make that finding of fact”.
A finding of negligence was warranted on the facts of the case. The negligence of the employee of the plaintiff’s attorney was necessarily the negligence of the attorney, “it being a matter of utter indifference whether it was done by the attorney personally or by his clerk”. 61 A. L. R. 284. Negligence of an attorney has been held not to be a proper ground for the review of a case. Sylvester v. Hubley, 157 Mass. 306, at 308; Silverstein v. Daniel Russell Boiler Works, 268 Mass. 424, at 426. In Kravetz v. Lipofsky, Mass. Adv. Sh. (1936) 761, at 763, 765, the aggrieved party had requested a ruling that if the party had been deprived of the opportunity of making a defence which would raise a material question of law or fact, through the negligence or mistake of his attorney, a petition to vacate the judgment should be granted. The court said, at pages 764, 765, “That is nót a correct statement of the law. The general rule, as already stated, is not to grant a petition in these circumstances, although in unusual conditions it may be granted.”
The case at bar was never properly pending in court, Hilliard v. Sawtelle, 12 Cush. 222, at 224. No one of *150 the things mentioned in the statute as a valid reason for allowing a second action, had any part in keeping the action out of court, or defeated or abated it. The actual cause of the failure of the action was the failure to enter it at the proper time. The ruling and finding of the trial judge was that the employee of the plaintiff’s attorney was negligent, and the general finding- for the defendant imported a finding* that that negligence was the cause of the failure of the action as well as a finding and ruling that the action did not fail as a “matter of form” within the scope of the statute. In his action we see no error.
There being no prejudicial error, the report is to be dismissed.