Lombardo, J.
This tort action arises from events which occurred on February 22, 1985, when the plaintiff was fifteen years old and was detained on suspicion of shoplifting at the defendants’ store.
On, or about, September3,1986, the plaintiff, through her mother, filed a complaint against the defendants’ department store, alleging damages for assault and for false arrest and imprisonment
The case was dismissed by the Court on October 4,1988, when the plaintiff, or the plaintiffs attorney, Med to appear at the call of the list for a pretrial conference. The plaintiff then filed a motion to vacate the Court’s order of dismissal; after hearing, this motion was denied. The plaintiff did not appeal the Court’s denial of her motion to vacate the earlier dismissal Thereafter, the defendants requested and received an execution.
On, or about, May 1,1989, after the plaintiff had reached the age of majority, she filed a new action, in her own name, involving the same incident, alleging that the second action was being brought under the “grace” provisions of General Laws, c. 260, §32. The defendants filed a motion for summary judgment; afterhearing, said motion for summary judgment was allowed.
Aggrieved by the Court’s allowance of the defendants’ motion for summary judgment, the plaintiff asks us to decide whether a dismissal by the Court in a case brought in behalf of a minor for counsel’s failure to appear at a pretrial conference, acts as a bar to the plaintiff in bringing an action under the “grace” provisions of General Laws c. 260, §32, in her own right, once she reaches the age of majority.
The plaintiff also asks us to decide whether the plaintiff can maintain a new action, in her own right, once she reaches the age of majority under the provisions of General Laws c. 260, §7.
We consider first whether the dismissal of the original action gives rise to a statutory right to commence a new action for the same cause within one year of such dismissal under the provisions General Laws, c. 260, §32.
General Laws c. 260, §32 provides, in part:
If an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed or is dismissed because of the death of a party or for any matter of form... the plaintiff... may commence a new action for the same cause within one year after the dismissal....
In reviewing the relevant language of General Laws c. 260, §32, we are told that an action that has been commenced within one year of a dismissal of a prior action for the same cause may be maintained if the dismissal is (a) for insufficient service of process *141 by reason of an unavoidable accident, or of a default or neglect of the officer to whom such process is committed, or (b) is dismissed because of the death of a party or (c) for any matter of form (emphasis supplied) or (d) if, after judgment for the plaintiff, the judgment of any court is vacated or reversed.
The present action was filed within one year of the dismissal of the prior action for the same cause. The dismissal of the prior action was not based upon insufficient service of process by reason of an unavoidable accident or default or neglect of the officer to whom such process was committed. Nor was the dismissal because of the death of a party. Nor was there a judgment for the plaintiff which was subsequently vacated or reversed.
The plaintiff suggests that General Laws c. 260, §32 is applicable in that the prior action was dismissed for a “matter of form.” The plaintiff also suggests that her failure to appear at the call of the pretrial conference list, resulting in a dismissal of the action, is a dismissal for a “matter of form,” and hence permits a new action to be maintained under the provision of General Laws c. 260, §32.
In the case of Cummings v. Jacobs, 130 Mass. 419 (1881), the Court discussed the issue of a dismissal for any matter of form under the statute and held:
... The plain purpose of the statute is to relieve a person who, in the exercise of due diligence, within the time limited by the general, statute of limitations, has attempted to enforce a claim by suit; and has failed in such attempt by reason of some matter of form, which can be remedied in a new proceeding and which does not affect the merits of his case. It was not intended to encourage default or negligence in the prosecution or conduct of a suit duly and properly commenced and legally pending in court. It was the duty of the plaintiff herself, or by her attorney, to be present at the calling of the docket; her absence unexplained was sufficient cause for entering a non-suit or dismissing the action. There was ample opportunity, on the motion to have the case restored, for the plaintiff to show that the absence was not due to her neglect, or the fault of her attorney, and the overruling of the motion implies that there was such neglect as to warrant the Court in refusing to grant the motion. A party who has lost his standing in court by a non-suit or default, entered for his failure to appear and prosecute or defend the action, cannot be said to have been defeated in his cause by any matter of form, within the meaning of the statute.
We conclude that the dismissal by the Court was not a matter of form within the meaning of General Laws c. 260, §32, therefore the plaintiff could not maintain her second action under that statute.
The plaintiff also states that her second action was brought under the provisions of General Laws c. 260, §7, a statute which tolls the statute of limitations for minors, mentally impaired persons, and for those who are imprisoned until after their disability is removed.
General Laws, c. 260, §2A, sets forth a three year statute of limitations for tort actions. The facts that give rise to this cause of action occurred on September22,1985; hence the plaintiff had three years from September 22,1985, to commence her tort action against the defendants.
Dist./Mun. Cts. R. Civ. P., Rule 17(a) provides in part
Except for any action brought under General Laws, Chapter 152, Section 15, every action shall be prosecuted in the name of the real party in interest.
Dist./Mun. Cts. R. Civ. P., Rule 17(b) provides in part
If an infant or incompetent person does not have a duty appointed representative, he may sue by his next friend or by a guardian ad litem.
We are told by Rule 17 (a) that a cause of action may only be brought in the name of the “real party in interest” When the real party in interest is an infant or an incompetent person who does not have a duty appointed representative, the infant or incompetent person may bring a cause of action by a “next friend” or by a guardian ad *142 litem under the provisions of the aforesaid Rule 17 (b).
Because the plaintiff in the facts of this case was an infant at the time of the alleged incident, she was able to bring her cause of action before she reached her majority through her “next friend.” Because she was an infant when her cause of action accrued, she also had the option of waiting until she reached her age of majority and bringing her cause of action in her own name as provided for in Mass. General Laws c. 260, §7.
Mass. General Laws c. 260, §7, provides in part:
If a person entitled thereto is a minor, or is insane or imprisoned when a right to bring an action first accrues, the action may be commenced within the time limit hereinbefore limited after the disability is removed...
The effect of General Laws, c. 260, §7, is to toll the statute of limitations for minors, for mentally impaired persons or for those who are imprisoned, until after their disability is removed. The purpose of the statute is to preserve the rights of persons with specific disabilities who may be unaware or unavailable to pursue a cause of action.
In the facts of this case, the plaintiff chose to bring her first cause of action, on or about, September 3,1986, when she was fifteen years old. Because she was an infant, she brought her first cause of action through her “next friend,” her mother. Her first action was brought well within the three year statute of limitations. The plaintiff, by bringing her first cause of action through her “next friend” asserted the rights she states accrued to her by virtue of the events that allegedly occurred on September 22, 1985. In an action prosecuted or defended by a next friend or guardian ad litem, the minor or incompetent person, not the representative, is the proper party plaintiff, and is the real party in interest. See Caldwell v. Zaher, 344 Mass. 590.
The plaintiff in her first suit was not only aware of her right to commence and maintain a cause of action, but she, in fact, exercised those rights.
The plaintiffwas represented by an attorney in the first suit; she pursued discovery; the plaintiff also testified, under oath, at her deposition. The defendants filed answers to the plaintiff’s complaint in the first case. The first case had, in fact, proceeded to the point where it had been scheduled for a pretrial conference before the Court. After the case was dismissed by the Court when the plaintiff, or her attorney, failed to appear at a pretrial conference, and after the plaintiff’s motion to vacate the aforesaid dismissal was denied by the Court, the plaintiff took no further action in her first case.
The plaintiff had a right to appeal the Court’s ruling on her motion to remove the default and vacate its order of dismissal. The plaintiff’s right to appeal the Court’s ruling is provided for under Dist/Mun. Cts. R. Civ. P., Rule 64. The plaintiff failed to exercise those rights.
The plaintiff, instead, filed a second action, on or about, May 1,1989, in her own name, for the same events that occurred on September 22,1985. The plaintiff had reached her age of majority in the second suit; she was attempting to invoke the provisions of Mass. General Laws c. 260, §7.
Because the plaintiff in the first case was the real party in interest, and because the plaintiff chose to bring her cause of action for the same events when she was a minor through her “next friend” (her mother), her right to maintain a second action for the events of September 22,1985, will depend upon the nature of the dismissal that took place in the first case.
Mass. General Laws c. 260, §7, is a tolling statute. It does not give, nor was it intended to give, the plaintiff an opportunity to enter a second cause of action for the same events after she has reached her age of majority, when she has unsuccessfully pursued a cause of action for the same events during her minority.
Referring nowto the nature of the dismissal thattookplace in the plaintiffs first suit, we note that the first suit was dismissed by the Court because the plaintiff, or the plaintiff’s attorney, failed to appear at the call of a pretrial conference list
Rule 41(b)42) of the Dist/Mun. Cts. R. Civ. P. provides in part:
*143 On motion of the defendant, with notice, the court may, in its discretion, dismiss any action for failure of the plaintiff to prosecute or to comply with these rules or any order of court....
Rule 41(b) (3) of the Dist/Mun. Cts. R. Civ. P. provides in part:
...Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule,... operates as an adjudication upon the merits.
In the case of Link v. Wabash Railroad Co., 370 U.S. 626, a case which was dismissed, with prejudice, after plaintiff s counsel failed to appear for a scheduled pretrial conference, it was held that an identical provision in the federal version of Rule 41 (b) (2) does not preclude the court from acting on its own initiative in the exercise of its inherent or common law power to dismiss an action for plaintiffs failure to prosecute. Interpretation of the Federal Rules of Civil Procedure are followed in Massachusetts.
The Court, under the Dist/Mun. Cts. R. Civ. P., Rule 41 (b) (2), had the power to exercise its judicial discretion and dismiss the plaintiffs civil action because of the plaintiffs failure to appear at the call of the list. Under Dist/Mun. Cts. R. Civ. P., Rule 41(b)(3), the dismissal by the Court in the plaintiffs first suit operated as an adjudication upon the merits; it cannot be classified as a dismissal without prejudice for the purposes of refiling a second suit.
The trial court’s order of summary judgment is affirmed. The plaintiffs report is dismissed.