GREEN vs. WHITING-TURNER CONTRACTING COMPANY, 100 Mass. App. Ct. 901

 
 RICHARD M. GREEN, JR. vs. THE WHITING-TURNER CONTRACTING COMPANY.

100 Mass. App. Ct. 901
 March 30, 2022

 

Practice, Civil, Service, Statute of limitations. Limitations, Statute of. Notice.

 The plaintiff, Richard M. Green, Jr., served his tort complaint later than the Rules of Civil Procedure allow. In an attempt to avoid the consequences of this late service, he sought refuge in the savings statute, G. L. c. 260, § 32. As pertinent here, that statute excuses late service where the tardiness was caused by the "neglect of the officer to whom such process is committed" or "any matter of form." Id. Green maintains that both provisions apply, and that his own attorney's failure to effect timely service qualifies as "neglect of the officer to whom such process is committed." We disagree and therefore affirm.

 1. Background. Green was injured while working for a subcontractor of the Whiting-Turner Contracting Company (Whiting-Turner), a Delaware corporation with a principal place of business in Maryland. He timely filed a complaint (three days before the statute of limitations expired) and an amended complaint ("initial complaint"), alleging negligence and seeking damages. Green's attorney served the summons and original complaint on Whiting-Turner by mail pursuant to the long-arm statute; under the applicable rule, he had ninety days to effect service. See Mass. R. Civ. P. 4 (j), as appearing in 402 Mass. 1401 (1988). The papers were received thirteen days after the deadline, and over three months after the statute of limitations had run. A judge denied Green's motion for a thirteen-day extension of the time for service of process, allowed Whiting-Turner's motion to dismiss under rule 4 (j) and Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), and dismissed the initial complaint without prejudice. Shortly after that dismissal, Green initiated another lawsuit by filing a new complaint in substantially the same form (new complaint). [Note 1] Whiting-Turner moved to dismiss the new complaint, and a second judge allowed the motion, concluding that the savings statute did not apply. This appeal followed.

 2. Discussion. Green's new complaint is barred by the applicable three-year statute of limitations unless "saved" by the savings statute. This statute, which has existed in much the same form since the early 1770s, allows "the refiling of a suit after the limitations period, provided the suit had been timely commenced previously and certain additional conditions have been met." Cannonball Fund,

 Page 902 

 Ltd. v. Dutchess Capital Mgt., LLC, 84 Mass. App. Ct. 75, 84 (2013). See Cumming v. Jacobs, 130 Mass. 419, 421 (1881). As relevant here, the statute allows a new action to be filed within one year after a timely-filed action is dismissed for (1) "insufficient service of process by reason of . . . a default or neglect of the officer to whom such process is committed" or (2) "any matter of form." G. L. c. 260, § 32. 

 Green advances two theories as to why his new complaint falls within the savings statute. First, he maintains that the initial complaint was dismissed for "a matter of form," allowing him one year to refile. This is contrary to well-established law. "Failure to provide a defendant with any notice within the applicable limitations period that a claim is being made against him in court has been regarded, for these purposes, as a matter of substance rather than form." Krasnow v. Allen, 29 Mass. App. Ct. 562, 566 (1990). See Hallisey v. Bearse, 60 Mass. App. Ct. 916, 917 (2004) ("[A] touchstone for what constitutes dismissal for reasons of matter of form is whether, within the original statute of limitations period, the defendant had actual notice that a court action had been initiated" [citation omitted]). [Note 2] 

 Second, Green maintains that, as counsel served the complaint and summons, he was "the officer to whom [the] process [was] committed," and it was his "default or neglect" that resulted in dismissal of the original complaint. Green asks us to read "officer" as including an attorney, an "officer of the court." We decline to do so. The savings statute was not intended to rescue a client from an attorney's negligence. See Cumming, 130 Mass. at 421-422. The language of the statute, which we give "its plain meaning," Sullivan v. Brookline, 435 Mass. 353, 360 (2001), speaks of "the officer to whom such process is committed" (emphasis added), G. L. c. 260, § 32, signaling that, for the default or neglect to be excusable, it cannot be that of the plaintiff or counsel, but must be that of a third party. Earlier versions of the statute support this reading. See, e.g., St. 1793, c. 75, second par. ("any action which hath been, or which shall be actually declared in as aforesaid, [and] in which the Writ purchased therefor, has failed of a sufficient service . . . by the default, negligence or defect of any Officer to whom such Writ was or shall be duly directed, . . . then, and in any such case the plaintiffs or plaintiff . . . may commence another action upon the same demand, and shall thereby save the limitation thereof" [emphasis added]).

Judgment affirmed. 

Order denying motion for reconsideration affirmed.

Mark J. Albano for the plaintiff.

Robert M. Stanton, Jr., for the defendant.

FOOTNOTES
[Note 1] The new complaint added a paragraph noting that the initial complaint was dismissed without prejudice "for insufficient service of process and a matter of form, such that this action is deemed to be timely commenced pursuant to and in accordance with General Laws, Ch. 260, § 32." 

[Note 2] At oral argument, counsel conceded, appropriately, that Whiting-Turner had not received actual notice during the limitations period. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.